Otto C. Woerter, Receiver of Humboldt State Bank, Appellee, v. Abraham David and Fannie David. Abraham David, Appellant.

Gen. No. 41,720.

Heard in the first division of this court for the first district at the June term, 1941. Opinion filed November 10, 1941.

MARTIN M. GROSS, of Chicago, for appellant.

HERBERT G. IMMENHAUSEN, of Chicago, for appellee; PETER R. SCALISE and EDWARD C. BRIZZOLARA, both of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

August 20, 1940, plaintiff's predecessor caused judgment by confession to be entered against Abraham David and Fannie David for $776.30. The basis of the action was a promissory note executed by the two defendants May 12, 1931, for $430, payable six months after date to the Humboldt State Bank at "2722 North Avenue, Chicago," with interest at 7% per annum after maturity. The judgment included the face of the note, $430, interest, $246.30 and $100 attorney's fees. Execution issued on the judgment and was served on the two defendants by the bailiff of the Municipal court August 29, 1940. Seven days thereafter—September 4, 1940, defendant, Abraham David filed his motion to vacate or open the judgment and for leave to defend. The basis of the motion was an affidavit by him that he had gone through bankruptcy and had been discharged by the United States District Court for the Northern District of Illinois, Eastern Division, June 28, 1937, and the order of discharge was set up verbatim and made a part of the affidavit. In the order it is recited that Abraham David had been duly adjudged a bankrupt under the acts of Congress; that he appeared to have conformed to all the requirements of the law relating to bankruptcy and it was ordered that he be "discharged from all debts and claims which are made provable by said acts . . . and which existed on the 28th of January, 1937, on which day the petition for adjudication was filed by him, excepting such debts as are by law exempted from the operation of a discharge in bankruptcy."

Plaintiff filed a verified answer to defendant's motion in which it was alleged that plaintiff's indebtedness was not properly scheduled, in that it did not give the address of the payee of the note, the Humboldt State Bank, but stated the residence of the bank was "unknown"; that at the date of the filing of the peti-

tion in the bankruptcy proceeding by defendant and the date of the entry of the order of discharge, the bank was in the hands of a receiver who maintained a representative at ''2722-24 West North Avenue, Chicago'' in the bank building where defendant borrowed the money from the bank and executed the note; that defendant well knew, or by the exercise of reasonable diligence should have been able to ascertain, the address of the plaintiff creditor; that the creditor did not receive any notice of the bankruptcy proceeding and had no knowledge of it until September 3, 1940. The conclusion was that the claim was not affected by the order of discharge entered by the bankruptcy court.

Plaintiff attached to and made a part of his answer a copy of the schedule filed by defendant in the bankruptcy proceeding. The court entered an order giving defendant leave to appear and defend, the judgment to stand as security. Afterward an order was entered giving defendant leave to file interrogatories and November 18, 1940, they were filed and plaintiff ruled to answer certain of them but whether answers were filed does not appear from the record. January 13, 1941, the case was heard before the court without a jury, the court found in favor of plaintiff, confirmed the judgment against defendant, Abraham David, and he prosecutes this appeal.

The record discloses that the note in suit was executed May 12, 1931, and two days thereafter the bank closed. Sometime following a receiver was appointed. January 28, 1937, defendant Abraham David, filed his petition in bankruptcy and the order of discharge was entered by the bankruptcy court June 28, 1937. It was not until more than three years thereafter, viz., August 20, 1940, that the instant case was brought.

On the hearing little evidence was introduced but there was a sort of running metaphysical argument between court and counsel as to the law, particularly whether the burden of proof was on plaintiff in the

first instance and thereafter shifted to defendant or whether after plaintiff had made out a *prima facie* case defendant was required to go forward with evidence, etc., and whether defendant was required to introduce in evidence a certified copy of the order discharging him by the bankruptcy court, most of which, we think on the record before us, was merely academic and only tended to confuse the issue. We think the same is true of the discussion in the briefs as to the state of the pleadings because the facts are clearly shown and are undisputed.

The record discloses that defendant in support of his motion to open up the judgment and for leave to defend, set up verbatim a certified copy of the order of discharge. Plaintiff in his answer to the motion made no denial of this allegation and on the hearing his counsel stipulated that the order of discharge had been entered; that the claim had been scheduled in the bankruptcy proceeding giving the address of the bank as "unknown." The court held this was insufficient because it deprived the creditor of his right to file a claim or objection to the discharge. It was also stipulated that no dividends were paid in the bankruptcy proceeding.

On the hearing it further appeared that counsel for defendant called a witness to testify as to what was done by defendant to ascertain the address of the bank and there was considerable argument by counsel for defendant that the burden of proof on this question was on plaintiff. But finally the case was disposed of on the ground that the address of the bank was not given, and therefore the proffered testimony would be immaterial and inadmissible. We think the court should have permitted defendant to show what he did in endeavoring to get the correct address of the bank before the bankruptcy proceeding was instituted. The bank had been closed in 1931 and the bankruptcy proceeding was not instituted until 1937. The burden on

the point was on defendant, *Smith v. Hill*, 232 Mass. 188, affirmed *Hill v. Smith*, 260 U. S. 592.

The order of discharge entered by the bankruptcy court having been shown, this was *prima facie* proof of defendant's discharge and the burden of proof was on plaintiff to show that the claim sued upon was not within the terms of the bankruptcy act. *Van Norman v. Young*, 228 Ill. 425; *Smith v. Hill*, 232 Mass. 188; *Kreitlein v. Ferger*, 238 U. S. 21. The burden of proof was on defendant to show that he used due diligence to ascertain the address of the bank prior to the time he instituted the proceeding in the bankruptcy court, 8 C. J. S., sec. 577, pp. 1536–7, or that plaintiff had notice or knowledge of such proceeding in time to file his claim.

For the reason that defendant was not permitted to prove what he did to ascertain the correct address of the bank, the judgment of the Municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.