CONTINENTAL PURCHASING COMPANY, PLAINTIFF-RE-
SPONDENT, v. FRANCES NORELLI, DEFENDANT, AND
ANTHONY NORELLI, DEFENDANT-APPELLANT.

Submitted May 31, 1946—Decided September 12. 1946.

For the appellant, *Joseph C. Cassini.*

For the respondent, *Allan L. Tumarkin.*

The opinion of the court was delivered by

HEHER, J. The question here is whether respondent's
judgment debt was "duly scheduled" within the intendment
of section 17 of the Federal Bankruptcy Act (11 *U. S. C. A.,*
§ 35), and thus comes within the operation of the discharge
in bankruptcy granted to the judgment debtor.

The judgment was founded on an assigned claim of the
National Furniture Co. of Newark against the judgment

debtor for merchandise sold and delivered. The bankrupt listed the debt in the schedules annexed to the petition in bankruptcy as owing to "Nation (*sic*) Furniture Co., Springfield Avenue, Newark, N. J.," and its nature as a "judgment $300.00;" and a notice of the first meeting of the bankrupt's creditors addressed by the referee in bankruptcy to the particular creditor as thus designated, at 73 Springfield Avenue, Newark, N. J., was returned by the postal authorities endorsed "not found." Thereafter, and three days prior to the day fixed for the creditors' first meeting, the schedules were amended by an order of the referee, on an *ex parte* application made by the bankrupt, to include "the following facts: The Continental Purchasing Company, a corporation of New Jersey, a judgment Jan. 4, 1936, not disputed Atty for Plt, Herbert I. Levine, 17 William St. Newark, N. J. vs. Anthony Norelli, trading as Essex Rod & Gun Club $229.65." The judgment creditor was not given notice of the amendment, or of the pendency of the bankruptcy proceeding; it did not learn of the bankruptcy until nearly two years after the bankrupt's discharge.

The Supreme Court found that the bankrupt "had knowledge that the original claim had been assigned" to the judgment creditor, and "had been so informed by the creditor's office manager," presumably prior to the filing of the petition in bankruptcy, and that, even though notice of the proceeding was in fact given to Levine, he was not the judgment creditor's attorney at the time, and such notice is therefore not imputable to the creditor. But the Essex Common Pleas ruled in favor of appellant, without opinion or specific findings of fact; and appellant now invokes the rule that, on an appeal at law, the reviewing tribunal is obliged to assume factual findings consistent with the judgment, if there be evidence to sustain them—citing, among others, the cases of *Stammelman* v. *Interstate Co.*, 111 *N. J. L.* 122; *Miller* v. *Newark Hardware Co.*, 112 *Id.* 300; *Brody* v. *Goldman*, 117 *Id.* 97. In a word, it is said that there was evidence reasonably tending to show that the bankrupt did not have knowledge of the assignment of the obligation at the time of the filing of his petition; that Levine "was the attorney"

of the judgment creditor, "so far as the claim in question was concerned;" and that the Supreme Court weighed the evidence and reached different factual conclusions in disregard of its appellate function to remedy errors in matter of law only.

It is the rule that findings of fact on conflicting evidence, or on uncontradicted evidence reasonably susceptible of divergent inferences, are conclusive on error. The principle is ignored by counsel for respondent in his argument that the bankrupt's original omission of the judgment creditor from the schedules was intentional, for that issue was resolved adversely to respondent by the fact-finding tribunal. But, for reasons presently to be stated, the application of the rule does not call for a reversal of the judgment of the Supreme Court.

Section 7 of the Bankruptcy Act, as amended by chapter 575 of the Public Laws of 1938 (11 *U. S. C. A.*, § 25), lays upon the bankrupt the peremptory duty of filing, under oath, "a list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residence, if known, or if unknown that fact to be stated * * * ;" and, by force of section 17 of the act, as amended by the same chapter of the laws of 1938, non-compliance with this direction renders the discharge inoperative as to the affected creditor who did not have timely "notice or actual knowledge" of the bankruptcy proceeding. *Vide Birkett* v. *Columbia Bank,* 195 *U. S.* 345; 25 *S. Ct.* 38; 49 *L. Ed.* 231; *Kreitlein* v. *Ferger,* 238 *U. S.* 21; 35 *S. Ct.* 685; 59 *L. Ed.* 1184; *Miller* v. *Guasti,* 226 *U. S.* 170; 33 *S. Ct.* 49; 57 *L. Ed.* 173. The Bankruptcy Act has a two-fold design, *i. e.,* the relief of the honest debtor and a just and equitable distribution of his property and estate among his creditors: and the aim of the cited provision of the statute is to afford to the bankrupt's creditors notice of the proceeding in time for proof and allowance of their claim and to participate in the administration of the bankrupt estate. It embodies the principle of due process. To serve this latter purpose. it is requisite that the bankrupt exercise reasonable diligence to ascertain the places of residence of his creditors.

We have no occasion to consider the legal quality of the original listing of the particular debt in the schedules annexed to the petition in bankruptcy, for it did not result in notice of the proceeding to the respondent creditor and it was shortly supplanted by the amendment. Although the content of the first listing indicates knowledge that the debt had been reduced to judgment, the bankrupt says that service of process in the action was made at his place of abode in New Jersey while he was living out of the state and he did not have actual knowledge of the assignment of the debt and the recovery of the judgment by respondent until a few days after the filing of the petition and schedules. It would seem that the exercise of the same degree of care and diligence prior to the preparation of the schedules would have revealed the existence of the judgment. But however this may be, the amendment of the schedules to list the judgment debt did not satisfy the cited provision of the statute. The judgment creditor's place of residence was not listed, and thus the judgment debt was not duly scheduled, and in consequence of that omission the creditor did not receive notice of the proceeding in time for proof and allowance of his claim.

The record of the proceedings in bankruptcy does not disclose that notice of the action was mailed or otherwise given to Levine; and there is no such proof *aliunde*. Yet there is a presumption that the referee in bankruptcy fulfilled his statutory duty by mailing a notice of the proceeding to all the creditors listed in the schedules at the place of residence therein set out. Section 21(f) of the Bankruptcy Act, as amended by the cited chapter of the Public Laws of 1938 (11 *U. S. C. A.*, § 44), provides, *inter alia,* that a certified copy of any order or decree entered in a bankruptcy proceeding "shall be evidence of the jurisdiction of the court, the regularity of the proceedings, the fact that the order or decree was made, and the contents thereof  *  *  *;" and "the introduction of the order makes out a *prima facie* defense" to a suit on a debt in existence when the petition in bankruptcy was filed, "the burden being then cast upon the plaintiff to show that because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued upon

was by law excepted from the operation of the discharge." *Kreitlein* v. *Ferger, supra.* See, also, *Claflin* v. *Wolff*, 88 *N. J. L.* 308.

But Levine's office address obviously was not the creditor's place of residence; and thus the debt was not scheduled in keeping with the requirement of the statute. Inquiry of Levine would have revealed the creditor's residence. Yet Levine was merely asked whether he "represented" the judgment creditor; the bankrupt's attorney admitted that in this telephonic conversation, had just prior to the amendment of the schedules, he did not inform him of the pendency of the bankruptcy proceeding or of the purpose of the query. There was not even a semblance of compliance with the statutory direction to list the creditor's residence; the bankrupt had his own device—extra the statute—for giving notice to the creditor.

The uncontradicted proof is that Levine had no authority whatever to serve the respondent creditor in the bankruptcy proceeding; and notice to an attorney is notice to his client only where the knowledge of the attorney is acquired while acting for his client and has relation to the subject-matter of the agency. We adopt the Supreme Court's findings in this regard. It is clear under the evidence that Levine, if he received notice of the bankruptcy proceeding, did not transmit it or its content to the respondent creditor. No other conclusion is admissible; and thus the proofs are one on the proposition that the particular judgment creditor did not have notice or actual knowledge of the proceeding in time for proof and allowance of its judgment.

The judgment is accordingly affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 14.

*For reversal*—None.