**HADCO PRODUCTS, INC., Appellant,**

v.

**FRANK DINI CO., Inc.**

No. 16876.

United States Court of Appeals
Third Circuit.

Argued June 21, 1968.

Decided Oct. 10, 1968.

Henry N. Paul, Jr., Paul & Paul, Philadelphia, Pa., for appellant (Robert B. Washburn, John J. Mackiewicz, Woodcock, Phelan & Washburn, Philadelphia, Pa., Harry Sommers, Howard N. Sommers, Sommers & Sommers, Newark, N. J., on the brief).

Alexander W. Tomei, Teaneck, N. J., for appellee.

Before BIGGS, KALODNER and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

The District Court denied the plaintiff's motion to adjudge the defendant and its president, Rudolph F. Dini, in contempt of its Judgment enjoining defendant from infringing plaintiff's design patent for a lighting fixture, and this appeal followed.

The essence of plaintiff's contention is that the District Court was "clearly erroneous" in denying its motion, and that there is no evidentiary support for the narrow interpretation which the court gave to the design patent, and to the terms of its Judgment. The defendant contends to the contrary.

It appears that on October 15, 1965, plaintiff filed a Complaint charging defendant had infringed its design patent No. 199,143, which is directed to a lighting fixture design of a style suggestive of Old English architecture, and that on April 12, 1966, a final Judgment, with consent annexed, was entered holding that Defendant's manufacture and sale of its Castelain series lighting fixtures infringed plaintiff's design patent.

Paragraph 5 of the Judgment enjoined defendant and its officers, etc. "from making, using, selling, offering for sale, or causing to be made, used, sold or offered for sale in any manner whatsoever, lighting fixtures embodying the design secured" by plaintiff's design patent.

Paragraph 6 of the Judgment provides in relevant part as follows:

"The defendant shall not from and after the date of entry of this final judgment manufacture, use or sell lamp covers, lids or roofs of the design used in the said 'Castelian [sic] Group' but nothing herein shall prevent the defendant's manufacture, use or sale of collars, cages or bodies, and finial parts of the design used in the said 'Castelian [sic] Group' ".

Shortly after the entry of the Judgment, defendant began the advertising and sale of its Granada series lighting fixtures, and on August 24, 1966 plaintiff filed its motion to adjudge defendant, and its president, in contempt of the Judgment. Hearing was had on plaintiff's motion on November 28, 1966. At the close of the hearing, the District Court, in an oral opinion, found that defendant's Granada series of lighting fixtures did not violate the provisions of its Judgment and dismissed plaintiff's motion "with prejudice".

In its oral opinion, the District Court stated in relevant part:

"Plaintiff brings this action to hold the defendant in contempt for alleged failure on the part of the defendant to abide by a final consent judgment enjoining the defendant from using the design of the roof cover on a lamp the same or similar to that manufactured and sold by plaintiff.

"The plaintiff has submitted catalog exhibits for the purpose of comparison during the course of argument here, and it has been more or less stipulated that the exhibits on counsel table represent the differences, if any, between the roof cover of plaintiff's lamp and the roof cover now used by the defendant.

"One of the models has been represented to be the model which the defendant was restrained from using. The other is the changed model which plaintiff claims to be so similar that there has been contempt of the order of this Court.

"On examination, of the catalog, the exhibits upon the table, this Court has come to the conclusion that plaintiff has not established contempt on the part of the defendant.

"In fact, with the purpose for which this lamp is used, as stated here by counsel, the price for which it is sold and the dealings with the distributors, it seems to this Court that there is no deception practiced upon the customer by reason of which the customer would be deceived into thinking it was buying from defendant the lamp with the cover on which plaintiff has a patent.

"I have also given consideration while hearing counsel to the particular changes in design, in the type of architecture represented, and have considered that in conjunction with the kind of customer that would purchase these expensive lamps, reaching the conclusion within that field that such customer would not be readily deceived because of the recognition of the artistic differences. Therefore, I reach the conclusion that the application of plaintiff to hold the defendant in contempt should be dismissed with prejudice and without cost.

\* \* \* \* \* \*

"I have given consideration to the differences that I could observe.[1] Perhaps I should have added also in the opinion, though it is covered in the consent, in the order for judgment, that the defendant was not restrained from

---

1. During the course of the hearing on the contempt motion, the District Court, after examining the exhibits dealing with the Castelain and Granada lamps, stated:

"It does seem to me that there has been a substantial change made." (N.T. p. 10).

using the body of the lamp, the cage of the lamp, the finial part or the collar of the lamp, but was restrained only from using a cover similar to that of plaintiff's."

On this appeal plaintiff concedes that the defendant modified the design of the enjoined Castelain fixture to produce its Granada design, but urges that the modification is "minor" and "appears only on close inspection," and that the Granada fixture infringes plaintiff's design patent.

■ The ready answer to that contention is that the District Court made a fact-finding to the contrary, and it is settled that infringement is generally a question of fact for the trial court and that on review an appellate court will not reverse a finding of non-infringement unless it can be said that it was "clearly erroneous." Rule 52(a) Fed.R.Civ.P., 28 U.S.C.A.; United States Plywood Corporation v. General Plywood Corporation, 370 F.2d 500, 507 (6 Cir. 1966); Ditto, Incorporated v. Minnesota Mining & Manufacturing Company, 336 F.2d 67, 69 (8 Cir. 1964).

■■ In the instant case, the District Court found that defendant's new Granada fixture does not breach its Judgment and does not infringe plaintiff's patent design. The District Court's view of the evidence was at least a "permissible" one, and accordingly we cannot say that it was "clearly erroneous." It is settled that where evidence would sustain a conclusion either way and the trial court decided it to weigh more heavily for the defendant, that such a choice between two permissible views of the weight of the evidence is not "clearly erroneous" within the meaning of Rule 52. United States v. Yellow Cab Co., 338 U.S. 338, 342, 70 S.Ct. 177, 94 L.Ed. 150 (1949); United States Plywood Corporation v. General Plywood Corporation, supra, 370 F.2d at page 507.

For the reasons stated, the Order of the District Court dismissing plaintiff's motion to adjudge defendant and Rudolph F. Dini in contempt, will be affirmed.