**JOHN B. and VIDA LOUIS, Plaintiff-Appellees**

**v.**

**U.S. HOME COMMUNITIES CORP., Defendant-Appellant**

Civil No. 574-1975

District Court of the Virgin Islands

Div. of St. Croix

November 13, 1975

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff-appellees*

KENNETH LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for defendant-appellant*

YOUNG, *District Judge*

## OPINION OF THE COURT AS AN APPELLATE COURT

This matter is before this Court on appeal from the Small Claims Court of the Municipal Court. The appellees, John B. and Vida Louis, brought suit on May 15, 1975, against the appellants, United States Home Communities Corporation ("U.S. Home") and Velma Tyson, to recover a security deposit which had been made pursuant to a written lease between the parties. A trial was held before the lower court on June 27, 1975, and judgment in the amount of $151.00 plus costs was entered in the plaintiffs' favor on July 1, 1975. The appellants, defendants below, took this appeal which is now being decided on the written briefs submitted by the parties.

The appellees entered into a lease agreement with appellant U.S. Home for a term running from December 31, 1973, through November 30, 1974. Under its terms the lease would be automatically renewed for successive terms of one month each unless either party would terminate the lease at the end of the initial term or any successive term

by giving 30 days written notice in advance to the other party.

Under the lease the appellees were required to make a security deposit of one month's rental against any damage to the premises beyond ordinary wear. Upon termination of the lease the security deposit would be refunded or applied to any such damage or any rent delinquency. When the appellees vacated the premises at the end of April the appellants did not refund their security deposit, contending that the tenants were liable for rent until May 25, 1975, which was 30 days after written notice of termination was given to the landlord. The appellees then brought suit for return of the deposit. The Municipal Court, finding that tenancy ceased upon the Louis' vacancy at the end of April, ruled that the tenants were entitled to a return of the deposit less deductions for minor repairs and a charge for late payment of the April rent.

■■ I am mindful of the limited function of this Court when it reviews the actions of a Municipal Court judge. Where the conclusions of fact of a trial judge are supported by adequate testimony they will not be interfered with by the appellate court. Government of the Virgin Islands v. Du Boyce, 4 V.I. 107, 267 F.2d 512 (3d Cir. 1959). It is usually stated that the findings of a trial judge should not be set aside unless they are "clearly erroneous". See 5 App. I V.I.C. R. 52. Where there is substantial evidence to support a finding, even though there is some evidence negating it, a finding of fact will not be set aside as clearly erroneous. Joseph v. Eastman, 5 V.I. 201, 344 F.2d 9 (3d Cir. 1965). However, as was stated by the Supreme Court in United States v. United States Gypsum Co., 333 U.S. 364 (1948):

A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed. 333 U.S. at 395.

With all due deference to the trial judge, I believe that his finding that the tenancy ceased upon the Louis' vacancy at the end of April is clearly erroneous. In support of the Municipal Court's ruling the appellees offer only one exchange between the court and the tenant.

Q. "That in March you gave the defendant notice that you were going to vacate the premises, and you vacated the premises on the 30th of April?"
A. "Yes."

There being no evidence to the contrary, I presume that the notice referred to was given orally.

■■ The lease agreement expressly requires written notice given 30 days in advance before the lease can be terminated. Written notice not having been given by April 1, 1975, by either party, the lease was automatically renewed for a one-month term commencing May 1, 1975. Mr. Louis gave written notice of termination of the tenancy on April 25, 1975. (Exhibit B.) This notice included the statement, "I understand that a 30-day notice is required by management for the return of my security deposit". At a minimum the appellees were then liable for rent until May 25, 1975, and arguably, until the end of May. This version of the events is further supported by Mr. Louis' admission at trial that the manager of the apartments had informed him that, "I (Mr. Louis) am responsible for this place still for a month unless we get the place rented for the month".

Lease provisions requiring advance written notice for termination serve a legitimate purpose. They not only protect the landlord by reducing the chance that the premises will lie vacant for some period, they also protect the tenant by giving him time to find new housing should the landlord

desire to terminate the lease. A thirty day requirement, such as the one here, is certainly reasonable.

The notice requirement is clearly stated in the lease. Its provisions were restated in the form on which Mr. Louis eventually did give written notice. Even if the trial judge believed that Mr. Louis gave oral notice of his intention to leave back in March, in view of the provisions of the various exhibits it was clearly erroneous for the judge to find that the tenancy ceased upon the Louis' vacancy of the premises at the end of April.

The judgment of the Municipal Court will be amended to reflect that the appellees are liable under the lease agreement for rent of $137.76 to May 25, 1975. They also have been found liable for $22.00 in damages to the apartment, and an additional charge of $5.00 for late payment of the April rent, for a total of $164.76. On the other hand, the appellees are entitled to a credit of $184.59 (the security deposit of $178.00 together with $6.59 of interest earned thereon). This will result in a recovery to appellees of only $19.83 from the appellant.

The judgment of the Municipal Court will be reversed and this opinion may serve as the mandate, remanding the case with directions to enter a judgment of $19.83 to the plaintiffs below. All parties will bear their own attorney's fees and costs.