In this suit, the state as plaintiff, acting through the commissioner of the department of administrative services, obtained a judgment against the defendant upon a default for failure to appear in the sum of $3203.18 for the support of her minor child, with an order of payments of five dollars per week commencing on June 30, 1978. When no payments were received, the plaintiff obtained a wage execution. After the execution had been served, the defendant appeared in the action and filed a motion to stay proceedings upon the ground that her debt to the state had been discharged in bankruptcy on June 28, 1978. The plaintiff objected on the ground that the defendant had not properly listed the state as a creditor in the schedule of creditors in the bankruptcy proceeding. The trial court decided that the discharge was effective against the plaintiff and granted the defendant's motion for a stay. The plaintiff has appealed from that judgment, raising only the issue of whether the debt in question was "duly scheduled" in the defendant's bankruptcy petition as required for a discharge under 17a (3) of the National Bankruptcy Act.[1] 11 U.S.C. § 35 (a)(3). The deficiencies claimed in the schedule are the failure to designate the state department of administrative services as the creditor and to give its correct address, 76 Meadow Street, East Hartford. The schedule contained in the defendant's petition included as one of her creditors, "State of Connecticut, Department of Children Youth Services, State Office Bldg., Hartford, Connecticut."
The briefs indicate that there is no significant dispute about the operative facts. On June 28, 1978, about two weeks after notice of the plaintiff's judgment against her had been mailed, the defendant filed *Page 827 
a petition in bankruptcy, which listed this obligation as well as several other debts, and she received a discharge. Notices of the proceeding were mailed by the bankruptcy clerk to the creditors as listed in the schedule. The notice sent to the plaintiff was never returned to the bankruptcy court by the post office. It is not claimed that the department of administrative services, which was handling the collection of the debt, received the letter from the bankruptcy court or otherwise had notice of the proceeding.
The defendant employed an attorney to prepare the bankruptcy petition. At the evidentiary hearing upon her motion for a stay, the defendant testified that she had dealt with the department of children and youth services exclusively in connection with the placement of her child in a special school for emotionally disturbed children, that she had received various billings from the department of administrative services at 76 Meadow Street, East Hartford, and that at the time the petition in bankruptcy was prepared she had brought to her attorney some of these billing cards bearing the name and address of that department along with the papers she received as a defendant in this lawsuit. Her attorney[2]
testified that he had received certain court papers, which contained references to several state agencies, and that he chose to name the department of children and youth services as well as the state in the creditor schedule because that department had paid the benefits for the child and would probably be aware of the file. He could not remember why he had used the state office building in Hartford as an address. He admitted that, by virtue of discussions in several other cases, he was acquainted with the assistant attorney general handling this case for the plaintiff, whose name appeared on the court papers received from his client. He *Page 828 
explained that he did not telephone counsel for the plaintiff because he assumed that, when the notice sent out by the bankruptcy court was received, someone would notify the attorney general in charge of the case.
Some additional facts mentioned in the briefs and not disputed are that there were no assets in the estate of the bankrupt to be distributed and that the department of administrative services has some of its offices in the state office building in Hartford, although the collections bureau is at 76 Meadow Street, East Hartford.
Section 17a (3) of the bankruptcy act provides that "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, ..., except such as ... (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 11 U.S.C. § 35 (a)(3). Another provision of the act, 7a (8), elaborates upon the "duly scheduled" requirement by prescribing that "[t]he bankrupt shall ... (8) prepare, make oath to, and file in court ... a list of all his creditors, ... showing their residences or places of business, if known, or if unknown that fact to be stated...." These provisions have generally been construed to impose a requirement of strict accuracy in stating the names and addresses of the creditors listed on the bankruptcy petition. Note, 68 A.L.R.2d 955, 962; 1A Collier, Bankruptcy (14th Ed.) 17.23 [1], pp. 1679, 1680. The factor which has militated against the liberal construction usually accorded such remedial legislation is the reluctance of courts to deprive a person of a property right without due notice, or, in an in rem proceeding such as bankruptcy, without a reasonable assurance of notice. Ward v. Meyers, 265 Ark. 448,454, 578 S.W.2d 570 (1979); Continental Purchasing Co. v. Norelli, 135 N.J.L. 93, 95, 48 A.2d 816 *Page 829 
(1946). Not every deviation from absolute perfection has been treated as fatal to the efficacy of a discharge, however. Kreitlein v. Ferger, 238 U.S. 21, 24, 35 S.Ct. 685,59 L.Ed. 1184 (1915). Where an inaccuracy is found, the controlling consideration is whether the bankrupt has used reasonable care and diligence in furnishing the information required. Continental Purchasing Co. v. Norelli, supra, 96. Although the burden of establishing the inaccuracy rests upon the creditor who seeks to avoid the effect of a discharge; Kreitlein v. Ferger, supra, 26; the debtor has the burden of proving that the inaccuracy did not result from his negligence. Woerter v. David, 311 Ill. App. 595, 599,37 N.E.2d 448 (1941); Caldwell v. Eastman, 248 Mass. 332,334, 142 N.E. 765 (1924); Bartlett v. Taylor,209 Mo. App. 612, 616, 238 S.W. 141 (1922).
Applying these principles to the case before us, we must reject the claim of the plaintiff that there was any inaccuracy in stating the name of the creditor to be the "State of Connecticut." Although the commissioner of administrative services has the statutory duty of billing and collecting "any money due to the state in public assistance and child welfare cases ..."; General Statutes 4-68a; there is no question that the state, and not the commissioner, was the "creditor" in the ordinary sense of the word, being the entity to which the debt was owed. Webster, Third New International Dictionary. The plaintiff relies upon several decisions involving federal agencies which hold that notice of the bankruptcy proceeding must be given to the particular federal agency to which the debt must be paid. U.S. Metal Products Co. v. United States,302 F. Sup. 1263, 1270 (E.D.N.Y. 1969); United States v. Omer, 232 F. Sup. 746, 748 (D. Kan. 1964); United States v. Golenburg, 175 F. Sup. 415,418 (N.D. Ohio 1959). These cases are clearly distinguishable, however, because they depend *Page 830 
upon a separate provision of the bankruptcy act, 58(e), which requires that where the bankruptcy schedule discloses "a debt to the United States acting through any department, agency, or instrumentality thereof," the notice must be mailed accordingly. 11 U.S.C. § 94 (e). There is no corresponding provision for notice to states or municipalities. 3 Collier, Bankruptcy (14th Ed.) 58.01 [3], pp. 475, 482 n. 55.
Whether the defendant fulfilled her duty to specify the state's "places of business, if known," is a more complex question. The trial court concluded that the debt was properly scheduled because the state was the actual creditor and a notice sent to the state's office[3] in Hartford should have been forwarded to the proper officials. We are not prepared to hold that because the state of Connecticut does have a place of business at what is generally known as the "state office building" in Hartford, any communication concerning a matter in which the state has an interest may properly be sent to that address. The proliferation and expansion of state agencies in Connecticut within the last few decades, with offices in various towns, require that in designating the state's place of business in a bankruptcy petition, reference should be made to the particular state agency likely to be familiar with the debt described. The overriding requirement of good faith on the part of the bankrupt would demand nothing less, at least where he has access to such information. See Kreitlein v. Ferger, supra, 33-34. It would follow that reasonable care must be used in specifying the address of that agency so that the bankruptcy notice is most likely to come to the attention of the proper state officials. Although the standard we have formulated is one imposed upon the bankrupt, it actually devolves upon the person *Page 831 
preparing the petition, usually an attorney as in this case. Failure to perform the duty is necessarily imputable to the bankrupt, however. Lebowitz v. McPike, 157 Conn. 235, 242,253 A.2d 1 (1968); Sweeney v. Pratt, 70 Conn. 274, 282,39 A. 182 (1898); 57 Am.Jur.2d, Negligence 14.
We cannot fault the defendant's attorney for having chosen the department of children and youth services as the agency of the state to which reference was made in the petition. It is true that from the papers furnished to him by his client he could easily see that the debt was being pursued by the attorney general in behalf of the statutorily authorized collection agent of the state, the department of administrative services. The trial court might well have concluded,[4] *Page 832 
nevertheless, that his selection was reasonable because the department named had been concerned with the placement of the child which gave rise to the obligation and would have some familiarity with the matter. We do not agree that the court would have been justified in deciding that the use of the "state office building" in Hartford as the address of this agency under the circumstances revealed by the evidence would fall within the parameters of the exercise of reasonable care. No explanation for giving this address for that agency was offered to sustain the defendant's burden of proving due care in scheduling her creditors. It is undisputed that the department of children and youth services had no office in that building. The fact that the department of administrative services did have some of its officials located in the state office building is of no significance, since there is no reason to expect that it would receive a letter addressed to a different department. It is clear that the defendant and her attorney had ample opportunity to ascertain the correct address of the department of children and youth services or that of any other agency which might have been selected. We conclude that the evidence does not support a finding that reasonable care was exercised by the bankrupt in indicating the place of business of the plaintiff as her creditor.
Our conclusion that the debt owed to the plaintiff was not duly scheduled means that the discharge in bankruptcy of the defendant is ineffective as a bar to the enforcement of the judgment against her. 11 U.S.C. § 35 (a)(3). It is not claimed that the plaintiff had actual notice of the bankruptcy nor would the evidence support such an assertion, which it would be the defendant's burden to prove. Hill v. Smith, 260 U.S. 592, 594,43 S.Ct. 219, 67 L.Ed. 419 (1923); 1 A Collier, Bankruptcy (14th Ed.) 17.23 [6], p. 1679. *Page 833 
The defendant does claim that the fact that hers was a no-asset bankruptcy necessitates a conclusion that any deficiencies resulting in lack of notice to the state are immaterial because there was no prejudice. The only authority cited for this proposition is dictum in United States v. Dies, 428 F. Sup. 1028, 1030 (E.D. La. 1977), that the failure to receive a technically correct notice might be overlooked where there was no obstacle to the dischargeability of the debt and the petition disclosed no amount available for distribution to the plaintiff. We are not inclined to embark upon uncharted waters in a craft of such doubtful construction. Implicit in the numerous cases which have held a debt to be undischarged for failure to schedule the name and address of a creditor properly, without consideration of prejudice, is the view that, because a bankruptcy statute is in derogation of the common law, unless the statutory prerequisites specified to achieve an effective discharge are fulfilled, the claim of the creditor is not barred. Willoughby v. New Haven, 123 Conn. 446, 454, 197 A. 85 (1937); 1A Collier, Bankruptcy (14th Ed.) 7.08 [2] and 7.11 [21. Section 17(a)(3) of the bankruptcy act expressly so provides in excepting from the effect of a discharge debts which have not been properly scheduled. The bankruptcy act contains no requirement that a creditor show that he was prejudiced by the lack of notice. To read such a condition into the act would be a plain disregard of the language of 17(a)(3).
 There is error, the judgment is set aside and the case is remanded to the trial court with direction to deny the defendant's motion for a stay of proceedings.
In this opinion BIELUCH and COVELLO, Js., concurred.