**In the Matter of Keith FLAMINI, Debtor.**

**Bankruptcy No. 81–03791–B.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Oct. 7, 1982.

Professional Legal Centers, P.C. by Richard H. Mason, Detroit, Mich., for debtor.

Harry F. Fleming, for Wayne County friend of the court.

OPINION

ON MOTION FOR REHEARING

GEORGE BRODY, Bankruptcy Judge.

This is a motion by the State of Michigan for a rehearing of this court's determination

<hr/>

that a debt owed to the Department of Social Services is dischargeable.

The facts are not in dispute. The debtor was obligated pursuant to a temporary support order to make periodic payments for the support of his three children. The debtor failed to make the payments, and his spouse applied for and obtained support payments from the State of Michigan under the Aid to Families with Dependent Children (AFDC) program. As required by section 402(a)(26) of the Social Security Act, the debtor's wife assigned her claim against the debtor to the state as a condition for obtaining the support payments. The debtor's wife ultimately obtained a divorce judgment which provided for current support payments and arrearages to her. The decree also provided reimbursement to AFDC for support payments made to the wife by the Department of Social Services. When the debtor filed his petition in bankruptcy, he listed as creditors his former wife, Nancy Ann Flamini, in the amount of $150, and the Friend of the Court in the amount of $6,004. The debtor did not list the Department of Social Services or the State of Michigan as a creditor.

On or about November 10, 1981, the debtor was ordered by the Wayne County Friend of the Court's office to show cause in the Wayne County Circuit Court as to why he should not be held in contempt for failure to pay the support obligation he had incurred to the Department of Social Services prior to the filing of the petition in bankruptcy. Upon application of the debtor, this court issued a temporary restraining order. The Friend of the Court moved to dismiss, contending that the debt which it was attempting to collect was nondischargeable and, therefore, it could pursue its collection. When the debtor filed his petition in bankruptcy, a support obligation assigned "to another entity voluntarily, by operation of law, or otherwise" was dischargeable. 11 U.S.C. § 523(a)(5). After the debtor filed his petition, 523(a)(5) was amended by section 2334 of the Omnibus Reconciliation Act. This statute made such assigned debts nondischargeable. Omnibus Reconciliation Act of 1981, Pub.L. No. 97–

35, § 2334(b), 95 Stat. 863. For the reasons stated in an opinion dated April 1, 1982, the court held that whether a debt is or is not dischargeable is to be determined by reference to the law in effect on the date when the debtor filed his petition in bankruptcy and, accordingly, held the state's debt to be dischargeable and restrained the State of Michigan from enforcing its collection. *In re Flamini*, 19 B.R. 303, 8 Bankr.Ct.Dec. (CRR) 1289 (Bkrtcy.E.D.Mich.1982).

On May 18, 1982, the Friend of the Court filed a motion for rehearing contending that the court erred in holding that the dischargeability law in existence at the time of the filing of the petition was controlling rather than the law that was in existence at the time that the dischargeability question was actually litigated. In addition, the Friend of the Court contends that the Department of Social Services was the true creditor for the debt assigned to the state and since the Department was not scheduled, the debt is nondischargeable by virtue of section 523(a)(3).

The section 523(a)(5) issue was fully addressed in the court's opinion dealing with that issue. There is no persuasive reason offered for the court to depart from its prior ruling. However, the section 523(a)(3) issue requires consideration. Section 523(a)(3) provides in pertinent part that:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

11 U.S.C. § 523(a)(3). Section 523(a)(3) requires a debtor to schedule a debt owed to a creditor if the creditor is known to the debtor. There is nothing in the record to

establish that the debtor knew that he owed a debt to the Department of Social Services. The judgment of divorce required that the debtor pay the current allowances fixed for the support of his minor children and the arrearages for their support which had accumulated prior to the entry of the judgment of divorce and which had been assigned to the Friend of the Court. It was reasonable, therefore, for the debtor to assume that the Friend of the Court was the creditor to whom he owed the AFDC payments.

Moreover, an unscheduled creditor cannot rely on section 523(a)(3) if he had timely "notice or knowledge" of the bankruptcy case. The Office of the Friend of the Court was established in 1919 to police the payment of child support awarded pursuant to divorce decrees so that dependent children do not become public charges. 1919 Mich.Pub.Acts No. 412 (codified as amended at Mich.Comp.Laws §§ 552.251.-255 (1967)). The Friend of the Court is invested with comprehensive powers and duties. It has the power to examine records to assure that support payments are timely made, to inquire into the welfare of dependent children, and to bring into court by citation those who are delinquent in payment. Mich.Comp.Laws § 552.252. Child support payments ordered to be paid pursuant to judgments of divorce are made directly to the Friend of the Court's office, which records the payments on computers and forwards the funds received to the custodial spouse. Where the spouse has assigned her support payments to the Department of Social Services, the funds received are forwarded by the Friend of the Court to that department. When a spouse obligated to make payments fails to do so, the Friend of the Court unilaterally institutes an action to enforce collection. It is unnecessary for the Department of Social Services to make a specific request of the Friend of the Court to act. "The purpose of the scheduling requirement is to enable creditors to receive timely notice of bankruptcy proceedings which may affect their interests." *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 6 Collier Bankr.Cas.2d (MB) 1173, 1177 (6th Cir. 1982). Notice to the state agency familiar with the claim involved and which has the duty to collect it satisfies this purpose. *See United States v. Yale Transport Corp.,* 184 F.Supp. 42 (1960); *see also State v. Duncan,* 37 Conn.Sup. 825, 438 A.2d 1212 (1981). *Compare Weaver.*[1]

Notice to the Friend of the Court was sufficient for a related reason. "[N]otice or actual knowledge of a duly authorized attorney is the equivalent of notice to the creditor." *Katz v. Kowalsky,* 296 Mich. 164, 171; 295 N.W. 600, 603 (1941); *In re Porter,* 16 B.R. 229 (Bkrtcy.D.Mass.1981); *In re Robertson,* 13 B.R. 726 (Bkrtcy.E.D.Va. 1981); *Mindess v. Goodman,* [1960–1962] Bankr.L.Rep. (CCH) ¶ 60,392 (Cal.Ct.App. 1962); *In re Lawrence,* [1952–1956] Bankr. L.Rep. (CCH) ¶ 57,835 (N.Y. City Ct.1953). The Friend of the Court is authorized by statute to enforce the collection of support payments which are assigned to the state. In fact, the Friend of the Court is representing the state in this proceeding. The Friend of the Court is, in effect, the duly authorized attorney for the Department of Social Services.[2] Notice to the Friend of the Court was the equivalent of notice to the Department of Social Services. The debtor's debt to the Department of Social Services is discharged.

An appropriate order to be submitted.

---

**1.** In *United States v. Golenburg,* 175 F.Supp. 415 (N.D. Ohio 1959), the court held that notice must be sent to the specific agency of the government and that notice sent to another agency would not be imputed to the actual creditor. However, this result was reached because of the specific language of section 58e of the Bankruptcy Act which required that where the bankruptcy schedule discloses "a debt to the United States acting through any department, agency, or instrumentality thereof" the notice must be sent to that agency.

**2.** The Circuit Court may, if the Friend of the Court is not an attorney, authorize the court to employ counsel to permit him to carry out the duties imposed upon him. Mich.Comp.Laws § 552.251.