Carlos ASCENCIO and Inelaina
Ascencio, Plaintiffs/Appellants,

v.

Orlando RAMIREZ, d/b/a Omicron Con-
struction Co., Defendant/Appellee.

Civ. No. 83/205.

District Court, Virgin Islands,
D. St. Croix.

Feb. 15, 1984.

Antoine L. Joseph, Atty. Frederiksted, St. Croix, V.I., for plaintiffs/appellants.

Mark L. Milligan, Christiansted, St. Croix, V.I., for defendant/appellee.

## MEMORANDUM OPINION AND ORDER

DAVID V. O'BRIEN, District Judge.

This matter is on appeal from the Territorial Court's grant of summary judgment in favor of defendant/appellee Ramirez, ("Ramirez"). After a hearing in that court, the court found that plaintiffs, Carlos and Inelaina Ascencio ("plaintiffs"), had re-

ceived notice of Ramirez' 1979 bankruptcy proceeding, thus plaintiffs' present contract action could not stand. For the reasons which follow, we affirm the Territorial Court's judgment in favor of Ramirez, which dismissed the plaintiffs' complaint.

## I. FACTS

In 1977, Ramirez entered into a construction contract whereby he agreed to build a three bedroom house for plaintiffs. Dissatisfied with the results, plaintiffs brought this action alleging that the dwelling was not timely completed and, once completed, it was not structurally sound. Plaintiffs now seek recompense in excess of $60,000. Ramirez affirmatively defended, and later sought summary judgment, arguing that plaintiffs had previously filed this same action against him, which was discharged by his 1979 filing for bankruptcy. Plaintiffs disagree, and assert that they have never filed suit against Ramirez and that further, their claim was not discharged as they never received notice of Ramirez' bankruptcy proceeding.

On May 10, 1983, this motion for summary judgment was heard in Territorial Court. At that hearing, an attorney licensed in the Virgin Islands testified that in 1979, he did indeed file suit against Ramirez on behalf of plaintiffs relative to the same dispute contained in this later action. He swore that he was notified of Ramirez' petition in bankruptcy, and in his capacity as attorney for the plaintiffs, he mailed to them notice of the bankruptcy action. Finally, he testified, he mailed plaintiffs notice of the dismissal of their claim after Ramirez' debts were discharged. This oral testimony supplemented an affidavit to the same effect filed in support of the summary judgment motion by the same attorney.

Plaintiffs contradicted the attorney. Each of them swore that they never retained him to represent them in a claim against Ramirez; that they never filed an action against Ramirez, and that they never received notice from the attorney, or anyone else, regarding Ramirez' pending bankruptcy. This oral testimony was supplemental to affidavits they filed to the same effect, claiming non-receipt of any notices by mail or otherwise.

Counsel for plaintiffs in the matter *sub judice* resisted summary judgment on alternative theories, arguing, first, that plaintiffs' claim was not subject to the discharge in bankruptcy as plaintiffs never received notice of that proceeding, and, second, that even if notices allegedly mailed to plaintiffs were received, they are ineffective to foreclose their claim as such notices were not the official notice of the Bankruptcy Court. The trial court found that plaintiffs had received notice of the bankruptcy petition and entered summary judgment in favor of Ramirez, effectively dismissing the complaint with prejudice.

## II. DISCUSSION

Plaintiffs now seek reversal of that judgment, arguing, quite correctly, that such a finding of "notice received" is improper on a motion for summary judgment. As pointed out by the plaintiffs, the trial court's posture in a Fed.R.Civ.P. 56 motion for summary judgment is simply to determine whether any questions of fact are presented for trial, and it is not a function of the court to decide a factual issue presented. *Tobelman v. Missouri-Kansas Pipe Line Co.,* 130 F.2d 1016, (3d Cir.1942). The burden of demonstrating that there are no genuine issues of material fact is on the movants. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The Court must "resolve any doubt as to the existence of a genuine issue of fact against the moving parties." *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

While the court below couched its holding as a grant of summary judgment, we do not view these terms as determinative that the trial court actually dealt with the matter on a summary judgment basis. If the court below was indeed holding that no material issue of fact was raised by plaintiffs, this Court would be bound to reverse and remand for trial. Plaintiffs' affidavits and sworn testimony certainly countered the ev-

idence put forth by Ramirez sufficient to raise an issue of fact.

The record reflects, however, that at the May 10, 1983 inquiry, a different determination was made. Both parties dealt with the summary judgment presentation as a full evidentiary hearing on the merits. Each party had ample notice that the issue before the court was whether plaintiffs received notice.[1] Thus, we assume all available evidence on that matter was presented. This is a nonjury case with the court sitting as fact finder. Both sides presented witnesses under oath, and cross examination and objections were allowed. Where parties agree to try factual issues on the merits and do so, this Court's role is to treat the "summary judgment proceeding" as an actual trial of the issues presented. *Carter v. Hewitt*, 617 F.2d 961, n. 3 (3d Cir.1980); *Nielson v. Western Electric Co.*, 603 F.2d 741 (8th Cir.1979); *Starsky v. Williams*, 512 F.2d 109 (9th Cir.1975). As we so treat the lower court's hearing, we are bound by the findings of the court below unless they are clearly erroneous. 5 V.I.C.App. IV R. 176; Fed.R.Civ.P. 52(a); *see Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972); *Government of the Virgin Islands v. DuBoyce*, 267 F.2d 512 (3d Cir.1959).

### A. *Was Notice Received?*

■ The trial court found that plaintiffs received actual notice of the bankruptcy action. Such a finding will be held clearly erroneous only when the appellate court, on reviewing all the evidence, is left with the definite conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). The plea of discharge in bankruptcy is an affirmative defense with the burden of proof on the defendant. *See Woerter v. David*, 311 Ill.App. 595, 37 N.E.2d 448 (1941). Ramirez established a *prima facie* discharge by placing the bankruptcy order into evidence. *Kreitlein v. Ferger*, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184 (1914).

■ The trial court heard the sharply conflicting testimony, was able to observe the witnesses for each side and to note their demeanor. It was for the trial judge to determine where the balance of credibility lay. *DuBoyce, supra.* In light of the evidence in the record to support the lower court's finding of actual notice to plaintiffs, the finding will not be reversed. That there is evidence in the record to support a conclusion either way, and that the trial court decides to weight it more heavily for one party that the other, does not make a finding clearly erroneous. *Hadco Products, Inc. v. Frank Dini Co.*, 401 F.2d 462 (3d Cir.1968).

### B. *Was Notice Sufficient?*

A determination that plaintiffs received actual notice of the bankruptcy proceeding is not totally dispositive of the matter, however. Plaintiffs' opposition to the motion below was two-fold. Plaintiffs also argue that even if they had actual knowledge of the case, they are not bound by the discharge as they did not receive formal notice from the Bankruptcy Court.

The Bankruptcy Code provides that, "[t]here shall be given such notice as is appropriate, of an order for relief in a case under this title." 11 U.S.C. § 342. The Bankruptcy Code was drafted to provide for an efficient, final resolution of debtor-creditor problems, as well as to grant the debtor a fresh start. *See generally* 1 Bkr–L Ed, Summary, § 1.1 (1979).

■ In determining the adequacy of notice to a creditor, we must balance these goals with the creditors' interest in adequate notice. *In re DCA Development Corp.*, 489 F.2d 43 (1st Cir.1973); *In re Torres*, 15 B.R. 794 (E.D.N.Y.1981).

■ Where formal notice from the Bankruptcy Court is omitted, informal notice which provides creditors with an opportunity for a fair hearing will satisfy the re-

---

1. Counsel for Ramirez characterized it thus. See Transcript, at 3. Counsel for plaintiffs shared this view. *Id*, at 22–23.

quirements of notice. *In re Torres, supra; In re DeSoto Crude Oil Purchasing Corporation,* 35 F.Supp. 1 (W.D.La.1940). Procedures exist whereby plaintiffs, who did not have formal notice, and are not represented, can have their claims introduced into the pending proceedings. *See e.g.,* 11 U.S.C. §§ 523(a)(3)(B) (exceptions to discharge) and 350(b) (reopening cases) and Bankruptcy Rule 906(b) (enlargement of time). Any creditor with actual notice can, thus, be afforded protection equal to that of a creditor with formal notice. *Id.*

Plaintiffs here were found to have been given notice of Ramirez' bankruptcy by letter from their attorney. He testified that he mailed plaintiffs notice of the proceeding on July 12, 1980. A final discharge of Ramirez' debts by the Bankruptcy Court was not entered until January 16, 1981. Though faced with knowledge that one who could owe them a substantial amount of money had filed for bankruptcy, plaintiffs did nothing to enforce their claim until the filing of this action on September 17, 1982. A prudent creditor would have done otherwise. A potential creditor on notice will be charged with the duty to follow a bankruptcy proceeding, and, on his or her own inquiry, discover orders which they may desire to challenge. *See Matter of St. Cloud Tool & Die Co.,* 533 F.2d 387 (8th Cir.1976); *In re Torres, supra.*

In balancing the interests and policies to be served by the Bankruptcy Act, it is this Court's view that plaintiffs had timely notice of the pending bankruptcy proceeding sufficient to protect their rights.

## CONCLUSION

Accordingly, and while viewing the issues somewhat differently than as briefed on appeal, we affirm the order below dismissing the matter and entering judgment for Ramirez.