**PAUL HORSFORD, Appellant**
**v.**
**MARY WEEKES, Appellee**

D.C. App. No. 1994/0080

District Court of the Virgin Islands

Div. of St. Croix

March 31,1995

EZSART A. WYNTER, ESQ., (Wynter & Webster, P.C.), Fredericksted, St. Croix, U.S. V.I., *for appellant*

MARY WEEKES, *Pro-Se*, Sunny Isle, St. Croix, U.S. V.I., *appellee*

MOORE, *Chief Judge,* District Court of the Virgin Islands; FINCH, *Judge* of the District Court of the Virgin Islands; HOLLAR, *Judge* of the Territorial Court of the Virgin Islands, St. Thomas/St. John Division, Virgin Islands, Sitting by Designation.

## OPINION OF THE COURT

Appellant contends that the Territorial Court erred in its finding that Appellee was not speeding and in failing to consider the defenses of contributory negligence and "last clear chance." For

reasons set forth below, this Court will affirm the decision of the Territorial Court.

## FACTUAL BACKGROUND

Appellant, Paul Horsford, was involved in an automobile accident with the appellee, Mary Weekes. Appellee brought the matter to small claims court to recover for damage sustained to her vehicle as well as for physical injuries suffered by her daughter, a passenger in the automobile. Each party testified and presented evidence in the form of witness testimony and appellee offered proof of damages.

After hearing testimony from all the witnesses, the Territorial Court judge concluded that appellant failed to yield the right of way to the appellee and, thus, was responsible for the accident and liable for damages incurred. Damages were afforded the appellee accordingly. Appellant appeals the court's findings.[1]

## DISCUSSION

■ Findings of fact are reviewed under the clearly erroneous standard. V.I. CODE ANN. tit. 4, § 33; *Christian v. Joseph*, 23 V.I. 193, 198 (D.V.I. APP. 1987); *Ascencio v. Ramirez*, 20 V.I. 508, 513 (D.V.I. APP. 1984). Section 33 provides that "[f]indings of fact shall not be set aside unless clearly erroneous." Under this standard, the reviewing court may not reverse the lower court decision merely because it is convinced that it would have decided the case differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985). Unless the trial court's determinations

---

[1] In an order dated December 9, 1994, this Court ordered certain documents presented by appellant in his appendix stricken from the record because they were not part of the record below. These documents, found in appellant's appendix, include two (2) letters addressed to Mr. Cuesta at pages 47 & 48, the "Commentary for Appeal" at page 49, and the accident report at pages 55-57.

Appellee submitted her brief in a blue cover, instead of red, in clear violation of FED. R. APP. P. 32(a). Appellee was informed by the clerk's office that the cover must be changed, but, up to the date of consideration of this appeal, she had not corrected the matter. The rules of procedures are applicable to all who come before the Court although the Court attempts to provide as much guidance and leniency to *pro-se* litigants as possible. We find it important to emphasize that flagrant disregard for the rules by future *pro-se* litigants will result in their filings being rejected for non-compliance.

are found either "(1) completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear no rational relationship to the supportive evidentiary data," the reviewing court will not reverse. *Stridiron v. I.C., Inc.*, 20 V.I. 459, 462-63, 578 F. Supp. 997, 999 (D.V.I. App. 1984) (quoting *Krasnov v. Dinan*, 465 F.2d 1298 (3d Cir. 1972)); *see also Louis v. U.S. Home Communities Corp.*, 12 V.I. 320, 322 (D.V.I. App. 1975).

■ The point of contention in this suit centered on whether appellee was speeding. Having heard testimony on both sides and being in a superior position to appraise and weigh the evidence as well as assess witness credibility, the lower court found that appellee was, in fact, not speeding. Although the explanation given by the trial court in its analysis of the matter could have been clearer, there is evidence to support its findings.

Officer Wakefield testified that based on his assessment of the area he could not affirmatively conclude that appellee was speeding; appellee's witnesses as well as appellee herself denied that she was speeding; and appellant's own witness, Ms. Farrelly, testified that she did not see the appellant stop before entering into the line of traffic. Thus, the record reveals that there was no clear error in the lower court's findings.

■ It was appellant's contention that appellee's speeding contributed to the collision and the lower court erred in failing to consider this defense. Having found that appellee was not speeding, the defense of contributory negligence was implicitly rejected and, again, no clear error was made by the lower court.

## CONCLUSION

For the foregoing reasons, the Territorial Court's findings were not clearly erroneous and the decision finding appellant liable for damages is affirmed.

## ORDER OF THE COURT

This matter is before the Court on appeal from the Territorial Court of the Virgin Islands, having been submitted on appellant's and appellee's briefs without oral argument. Appellant challenges

271

the lower court's finding that appellee was not speeding and, thus, did not contribute to the cause of the accident. After due consideration consistent with this Court's opinion of even date;

IT IS on this 31st day of March, 1995, hereby ORDERED AND ADJUDGED that the judgment of the Territorial Court is AFFIRMED.