[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Erik Gothberg, alleges that on February 13, 1997 while in the course of his employment with the State of Connecticut, he was involved in an automobile accident in which he suffered personal injuries. As a result he brought suit against William and Kathryn Caliendo, which complaint has a return day of February 16, 1999.
On May 13, 1999, the plaintiff, through his attorney, sent notice to the Secretary of State for the State of Connecticut purportedly in accordance with sec. 31-293 of the Connecticut General Statutes, notifying the addressee that suit had been instituted. Notice was sent certified mail and the return receipt was received by plaintiffs counsel indicating delivery on May 18, 1999.
The State filed a motion to intervene in order to protect its worker's compensation lien on October 18, 1999, which motion was granted by the court, Levin, J. on November 15, 1999. On December 3, 1999 the plaintiff moved to reargue the granting of the State's. motion to intervene claiming among other things that notice pursuant CT Page 5483 to sec. 31-293 was given more than 30 days prior to the State's filing of its motion to intervene. Judge Levin denied the motion to intervene and noted in his decision that "the plaintiff has failed to cite any authority that notice to the State of the pendency of an action pursuant to Connecticut General Statutes § 31-293 is properly served on the Secretary of State, rather than the Attorney General." The court indicated that the issue of timeliness may be asserted through a motion to dismiss.
The plaintiff has now filed a motion to dismiss the intervening complaint, claiming lack of subject matter jurisdiction for the reason that the State has failed to move to intervene in this action within 30 days of notification of its pendency as required by §31-293. The State counters by claiming that the plaintiff was employed by the Connecticut Department of Environmental protection, a state agency, and notice to the Secretary of State was improper and this did not serve to commence the running of the 30 day period within which it could intervene.
The sole issue in this motion to dismiss is whether, under the above scenario, notice to the Secretary of State is sufficient to commence running of the 30 day period for intervention by an employer in an employees third party action as mandated by § 31-293. Neither party has provided the court with authority as to the proper person or official to receive this type of notice.
It would seem that notice should be sent to that person or official where its contents would be most likely to come to the attention of the proper state official. See State v. Duncan,37 Conn. Sup. 825 (1981). In the court's view that would be either the office of the Attorney General which is responsible for handling cases such as this, or the plaintiffs supervisor at the Department of Environmental Protection who should be familiar with the plaintiffs workers compensation claim. The Secretary of State does not fit logically into this category.[1]
Accordingly, it is the opinion of the court that the notice sent in this case did not comport with the requirements of § 31-293 and therefore the State is not precluded from intervening by virtue of the 30 day limitation.
The plaintiffs motion to dismiss is therefore denied.
Bruce W. Thompson, Judge