CALVERT GIBSON, Plaintiff

v.

SULLIVAN TRAIL COAL COMPANY and VIRGIN ISLANDS
PORT AUTHORITY, Defendants

Civil No. 1981/354

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 30, 1985

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., STACY L. WHITE, ESQ., Christiansted, St. Croix, V.I., *for defendant Virgin Islands Port Authority*

JAMES L. HYMES, III, ESQ., St. Thomas, V.I., *for defendant Sullivan Trail Coal Co.*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

We decide in this opinion whether, in the U.S. Virgin Islands, an employee of an independent contractor can, if injured while at work, bring an action against the entity which hired the independent contractor in the first place. We reaffirm previous case law in this territory and hold with the vast majority of jurisdictions that such an employee is not part of the protected class for whom such an action is available under Chapter 15 of the Restatement (Second) of Torts, Sections 409 through 429.

## I. FACTS

The plaintiff Calvert Gibson, ("Gibson"), at all times pertinent was an employee of an independent contractor. The contractor, Excava-

374

tion Construction, Inc. No. 1, ("EC-1"), had won the bid at the Harry S. Truman Airport expansion project and was doing the site preparation work. The Virgin Islands Port Authority, ("VIPA"), was the owner of the land. It had retained Parsons-Panamerican, Inc., ("Parsons"), to do the design, engineering, construction management and supervision of the entire runway extension project.

It was Parsons which recommended that VIPA retain EC-1 on the strength of a bid evaluation of all site preparation bidders. This recommendation was based on EC-1's past experience and qualifications to do the work.

While he was working as an EC-1 employee on site preparation, Gibson was injured. He subsequently filed this action against VIPA as the entity which retained EC-1 and owned the land, and also against Sullivan Trail Coal Co. The latter defendant was a heavy equipment leasing company which leased the piece of equipment involved in the injury to EC-1, which supplied the operator.

On the date of jury selection, April 29, 1985, each of the defendants had moved for summary judgment, but the ten days' notice required by Fed. R. Civ. P. 56(c) had not elapsed. However, Gibson's attorney stated his readiness to have the motion heard on the basis of his oral argument, thus waiving the full ten days' notice to which he was entitled.

After argument on the Sullivan Trail Coal Co. motion, the Court entered Findings of Fact and Conclusions of Law and dismissed the complaint, as against that defendant with prejudice.

Argument was then held on the VIPA motion. Again, plaintiff's counsel waived the full notice time and stated his intention to present oral argument only, though he also cited certain excerpts from a deposition.

That he chose to do this, and not file any affidavits under Fed. R. Civ. P. 56(e) should not be considered either surprising or lax. The issue was more one of law than of facts, since there were no facts of a material nature in dispute. And, except for brief references to the degree of supervision and control retained by VIPA over the work in progress, the argument proceeded from an essentially legal foundation. After argument, we entered Findings of Fact and Conclusions of Law on the VIPA motion, and dismissed Gibson's complaint as against that defendant, and the case was ended. Counsel were informed that a written opinion would accompany the judgment dismissing the complaint.

## II. DISCUSSION

It was just over ten years ago that Chief Judge Almeric L. Christian was called on to decide the very question before the Court at this time. He held, in Munson v. Duval, 11 V.I. 615 (D.V.I. 1975) that an owner of property who hires a qualified independent contractor to work on his property is not vicariously liable to an employee of such contractor who is injured while working at that site. Such an employee, he ruled, was not among those intended to be covered by Chapter 15, Restatement (Second) of Torts.

But, he noted:

> It is probable that once there has been more litigation on the definition of "others" used in the relevant sections of the Restatement, in the course of which more varied factual patterns must emerge, an appropriate case, at another time, will present an opportunity to hold otherwise.

Id. at 633.

Time has proven the wisdom of Chief Judge Christian's holding in Munson, supra, as jurisdiction after jurisdiction issued a ruling to the same effect. The net result is that today, ten years later, the overwhelming number of jurisdictions are uniform in their interpretation of the word "others" in Chapter 15 of the Restatement (Second) of Torts, as excluding employees of independent contractors. For a comprehensive review of the various jurisdictions holding each way as of 1981, see Tauscher v. Puget Sound Power & Light Co., 635 P.2d 426, 429 (Wash. S.C. 1981).

Most of the cases which form the overwhelming majority of jurisdictions holding as we do have relied heavily on language which was found in the American Law Institute's Tentative Draft No. 7 as a special note to Chapter 15 of the Restatement (Second) of Torts. The language, in pertinent part, is as follows:

> "[T]he workman's recovery is now, with relatively few exceptions, regulated by workmen's compensation acts, the theory of which is that the insurance out of which the compensation is to be paid is to be carried by the workman's own employer, and of course premiums are to be calculated on that basis. While the workmen's compensation acts not infrequently provide for third-party liability, it has not been regarded as necessary to impose such liability upon one who hires the contractor, since it is to be expected that the cost of the workmen's compensation insurance will be included by the contractor in his contract

price for the work, and so will in any case ultimately be borne by the defendant who hires him."

This special note was not included in the final publications of the Restatement (Second) of Torts. But Courts have viewed the language as persuasive authority of an intent by the authors of the Restatement to clearly delimit the parameters of the exception while allowing each jurisdiction to interpret the provision according to its own case law and workmen's compensation statutes.

There is only one case in the Third Circuit of consequence on this subject. Draper v. Airco, 580 F.2d 91, 101–102 (3d Cir. 1978) held that under the peculiarities of Pennsylvania law, an employee of an independent contractor in similar circumstances would have a cause of action against the entity which retained the independent contractor, which makes it contrary to our ruling herein. But this is not circuit-wide law and we are not bound by such a decision.

## III. CONCLUSION

We reaffirm the rule in this territory that an employee of an independent contractor is not included in the class of persons protected in Chapter 15, Restatement (Second) of Torts. Judgment will enter dismissing the complaint of the plaintiff against VIPA.

## JUDGMENT

THIS MATTER came before the Court for oral argument on separate motions by each defendant seeking summary judgment. The argument was heard on April 29, 1985. After argument as to each motion the Court entered Findings of Fact and Conclusions of Law, and as to the motion by Virgin Islands Port Authority, reserved the right to file a supplemental memorandum opinion. The premises considered, the Court having entered its Findings of Fact and Conclusions of Law, and having filed its memorandum opinion of even date herewith, now therefore it is

ORDERED and ADJUDGED:

THAT the complaint as against each of the defendants is hereby DISMISSED, with prejudice.