NICAISSE HOOD, Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORPORATION, Defendant

v.

COMMISSIONER OF LABOR OF THE VIRGIN ISLANDS, Additional Party Plaintiff

Civil No. 1985/256

District Court of the Virgin Islands

Div. of St. Croix

December 23, 1986

EDWARD HASKINS JACOBS, ESQ. (JACOBS & BRADY), St. Croix, V.I., *for plaintiff*

JAMES L. HYMES, III, ESQ., St. Thomas, V.I., *for defendant*

LEROY MERCER, ESQ., Office of the Attorney General, St. Croix, V.I., *for additional party plaintiff*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This summary judgment motion requires us to decide whether, under the circumstances of this case, a landowner is liable for its own negligence that results in physical harm to the employee of an independent contractor. As a general rule, where a landowner retains control over any aspect of the contracted work, it may be liable for negligently exercising that control. Further, the landowner may be liable for failing to carry on its activities with reasonable care for the safety of the contractor's employees if it should expect that the employees will fail to discover or protect themselves against a land-based danger.

In this case, however, we hold that the plaintiff failed to demonstrate his right to protection under these rules. Accordingly, the complaint will be dismissed with prejudice.

## I. FACTS

In January 1984, plaintiff Nicaisse Hood was employed as an insulator by Litwin Panamerican Corp., which was performing turnaround work at the St. Croix refinery of defendant Hess Oil Virgin Islands Corp. ("HOVIC"). Litwin supervisors detailed Hood's work crew to insulate the site's hydrocracker and his job entailed carrying insulation to the crew.

458

The insulation was packed in 25-pound boxes and had been stacked on pallets at the work site for several weeks. Although tarpaulins covered the pile, it is alleged that rain leaked in and soaked some of the boxes.[1] Consequently, an attempt by Hood to hoist a box on January 24 purportedly resulted in a wrenched back.

Hood collected workmen's compensation benefits from Litwin[2] and then sued HOVIC on two theories. First, he maintains that HOVIC, in contracting with Litwin, retained control of safety matters pertaining to the job. Hence he theorizes that HOVIC proximately caused his injuries by failing to prudently discharge its affirmative duties to assure job safety both as owner of the premises and as employer of Litwin, the independent contractor. Liability is based on HOVIC's failure to protect the insulation from leakage. Second, Hood claims that HOVIC breached its duty as a property owner to conduct its activities safely. In addition, a consortium claim is asserted by his wife, Carmen. HOVIC now moves for summary judgment under the authority of Gibson v. Sullivan Trail Coal Co., 608 F. Supp. 390 (D.V.I. 1985), aff'd 782 F.2d 1028 (3d Cir. 1985), arguing that as the employee of an independent contractor, Hood is barred from asserting this action.[3]

## II. DISCUSSION

### A. *Restatement § 414*

We held in Gibson, supra that a property owner who hires an independent contractor to work on his land is not vicariously liable for injuries suffered on the job by the latter's employees. This holding reflects the majority rule limiting these employees' remedy to workers' compensation when injured on account of their own negligence or that of co-workers. See e.g., Gibson, supra at 392; Tauscher v. Puget Sound Power & Light Co., 635 P.2d 426, 430-31 (Wash. 1981) (en banc). See also Restatement (Second) of Torts, § 409. The underlying rationale is that the contract price included the contractor's cost of compensation insurance. Gibson, supra at 392.

---

[1] It is undisputed that all of these activities occurred under the exclusive supervision of Litwin personnel. (See Affidavit of R. Bailes.)

[2] The territory's Commissioner of Labor has been joined as a party to this action pursuant to 24 V.I.C. § 263 (1986 Supp.).

[3] Hood concedes that Litwin is an independent contractor.

■ This rule and its reason are inapplicable where, as here, the plaintiff alleges that his injuries were caused directly by the acts or omissions of the owner rather than the contractor. E.g., Rooney v. United States, 634 F.2d 1238, 1243 (9th Cir. 1980); Vagle v. Pickands Mather & Co., 611 F.2d 1212, 1217 n.1 (8th Cir. 1979); Hurst v. Triad Shipping Co., 554 F.2d 1237, 1251-52 (3d Cir. 1977); DiSalvatore v. United States, 456 F. Supp. 1079, 1081 (E.D. Pa. 1978); Moloso v. State, 644 P.2d 205, 211 (Alaska 1982). It is embodied in § 414 of the Restatement, which provides:

Negligence in Exercising Control Retained by Employer

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.[4]

■ Under this theory, if HOVIC retained sufficient control over the safety aspects of the turnaround, it should be responsible for any harmful consequence suffered by Hood as a result of its own negligent exercise of that control. The rationale is simply that "anyone, including an employer of an independent contractor, may be held liable for his or her own negligence." Moloso, supra at 211 n.5.

■ Control is a factual issue to be resolved by the jury. E.g., Sharkey v. Airco, Inc., 522 F. Supp. 646, 652 n.10 (E.D. Pa. 1981), aff'd 688 F.2d 818 (3d Cir. 1982); Moloso, supra at 212. We must grant summary judgment in favor of HOVIC, however, if Hood fails to produce evidence creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). Pursuant to Fed. R. Civ. P. 56(c), the proof must be comprised of affidavits, depositions, answers to interrogatories, or admissions on file. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-53 (1986).

---

[4] In the absence of caselaw, the Restatement is the controlling law of the Virgin Islands. 1 V.I.C. § 4 (1967). Chapter 15 extends the liability of employers of independent contractors to "others". Although the Restatement is silent as to whether employees of independent contractors are among those covered by Chapter 15, these provisions distinguish vicarious from direct liability and the majority view is that the latter form the basis of an employee's cause of action. Rooney, supra at 1243; Vagle, supra at 1217 and n.1; Hurst, supra at 1251. Accord Gibson, supra. We adopt this view for the Virgin Islands.

HOVIC flatly denies having retained any control over Litwin. Hood's only relevant evidence to the contrary is the following colloquy between his lawyer and HOVIC spokesman Alexander Moorhead:

> Q Would you agree that the work that was being done by the Litwin crew of which Mr. Hood was a part on January 23, 1984, as well as any other turnaround or general maintenance work that may be done pursuant to the HOVIC-Litwin agreement was subject to HOVIC's right to forbid that work from being done in a manner that was likely to be dangerous to HOVIC or its personnel or the Litwin personnel or others?
>
> A Yes, I do.

(Moorhead Dep., p. 19.)[5]

Although inapplicable for purposes of averting summary judgment, Hood also points to a corporate document describing the duties of a fire and safety manager. In pertinent point, the job entails *"consult[ing]* with personnel on safety procedure, regulations and updating Safety Bulletin," and *"monitoring"* work sites for hazards (emphasis added).[6]

Control is an amorphous concept. Comment a states that liability may follow if the property owner retains

> a control less than that which is necessary to subject him to liability as master. He may retain only the power to direct the order in which the work shall be done, or to forbid its being done in a manner likely to be dangerous to himself or others. Such a supervisory control may not subject him to liability under the principles of Agency, but he may be liable under the rule stated in this Section unless he exercises his supervisory control with reasonable care so as to prevent the

---

[5] Hood asks us to also consider certain depositions of HOVIC personnel taken in connection with an unrelated case, Barry v. HOVIC et al., Civ. No. 85-60. No reason is offered to explain why these accounts are relevant nor is authority cited for their admission in this proceeding.

[6] In an attempt to bring the job description within Rule 56(c)'s sworn statement requirement, Hood refers us to the deposition of the HOVIC employee who produced the document. (See Edgley Dep., p. 30–31.) Since the employee did not affirm personal knowledge and merely produced the document, we may not consider the job description in deciding this motion. We note, however, that the description does not authorize HOVIC's safety personnel to order the manner of performance of independent contractors.

work which he has ordered to be done from causing injury to others.

Comment. c, however, limits this rule:

It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

◼ Taken together, these provisions impose liability only on owners retaining control over the actual conduct of the work. DiSalvatore, supra at 1082; Moloso, supra at 211. Accord Gibson v. United States, 567 F.2d 1237, 1248 n.6 (3d Cir. 1977), cert. denied, 436 U.S. 925 (1978). If HOVIC "assume[d] affirmative duties with regard to safety, [it] retained sufficient control to be held liable if [it] exercises that control negligently." Moloso, supra at 211. See Smith v. United States, 497 F.2d 500, 511-13 (5th Cir. 1974).

◼◼ By contrast a general right of inspection and supervision to insure the contractor's compliance with project specifications is generally insufficient to impose § 414 liability. Moloso, supra at 211; Signs v. Detroit Edison Co., 287 N.W.2d 292, 300 (Mich. App. 1979). Nor is a right to conduct safety inspections or prescribe safety requirements enough. Orr v. United States, 486 F.2d 270, 275 (5th Cir. 1973); State v. Morris, 555 P.2d 1216, 1218 (Alaska 1976).

◼ Hood endeavors to place the issue of control in dispute solely on the basis of Moorhead's admission that HOVIC retained the right under its agreement with Litwin "to forbid that work from being done in a manner that was likely to be dangerous . . . ." The language of this leading question parrots Comment a of § 414. (See text supra.) Alone, however, it does not establish a material dispute because Comment c cautions that control consists of more than "the general right to order the work stopped." Moorhead went no further than to admit precisely that.

462

■ To survive this motion, Hood was required to produce evidence that HOVIC could order the Litwin employees to perform work in a certain way. DiSalvatore, supra at 1082; Moloso, supra at 211. See Anderson v. Liberty Lobby, Inc., supra at 2511. Hood has not met his burden and, consequently, HOVIC is entitled to summary judgment on the issue of its liability under § 414.

B. *Restatement § 341A*

Hood also asserts a cause of action under § 341A of the Restatement. This section provides:

> a possessor of land is subject to liability to his invitees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety, if, but only if, he should expect that they will not discover or realize the danger, or will fail to protect themselves against it.

Employers of independent contractors are protected by § 341A. See e.g., Tauscher, supra at 430; Chugach Electric Assn. v. Lewis, 453 P.2d 345, 348–49 (Alaska 1969). Liability is limited, however, to those dangers that a landowner is expected to know or discover. Asherman v. Sharon Steel Corp., 448 A.2d 1054, 1062 (Pa. Super. 1982) (citing Rest. § 343). Accordingly, § 343 provides:

> Dangerous Conditions Known to or Discoverable by Possessor
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

■ Taken together, these provisions impose upon a landowner the duty to the independent contractor and his employees "to maintain the premises in a reasonably safe condition and to warn them of defects of which he knows or has reason to know." Seeney

v. Dover Country Club Apartments, Inc., 318 A.2d 619, 622 (Del. Super. 1974) (citations omitted). See also Moloso, supra at 219.[7]

■ Landowner liability is limited, however, by § 343A. Subsection (1) provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

This exception extends to situations where the independent contractor and the landowner are equally knowledgeable of the dangerous conditions, or "where the defective conditions are created by the work of the independent contractor or his employees." Seeney, supra at 623; see also Crane v. I.T.E. Circuit Breaker Co., 278 A.2d 362, 364 (Pa. 1971). We find this dispositive.

■ In the instant action, it is uncontroverted that the dangerous condition was created by the work of Litwin and its employees. Litwin's supervisors controlled the stacking of the insulation as well as Hood's activities in carrying the insulation to the work crew. (See Aff., R. Bailes.) Hood has failed to produce a shred of evidence to contradict Litwin's control of the project. Consequently, we must exonerate HOVIC under § 343A. See Celotex, supra at 2553. Accordingly, HOVIC's motion must be granted with respect to the theory of landowner's liability.

## III. CONCLUSION

In accordance with the foregoing, we hold that the above-captioned matter shall be dismissed with prejudice.

---

[7] In Hurst v. Triad Shipping Co., 554 F.2d 1237 (3d Cir. 1977), the Third Circuit refused to allow employees of an independent contractor-stevedore to recover under § 343 et seq., where the activities of employers vis-a-vis independent contractors are the subject of an action under Chapter 15 of the Restatement. Id. at 1249-1250 n.35. That case is distinguishable because it arose in the maritime context. Id. Moreover, the activities of stevedores are governed by the Longshoreman's and Harbor Workers' Compensation Act of 1927, 33 U.S.C. §§ 901-50 (1970), which established congressional policy to relieve shipowners from liability arising out of the activities of independent contractors such as stevedores. Id. at 1250. These considerations are clearly inapplicable in a simple tort suit.

## SUMMARY JUDGMENT

THIS MATTER is before the Court on the motion of defendant Hess Oil Virgin Islands Corp. for summary judgment. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the motion of the defendant be, and the same is hereby GRANTED, and further

THAT the above-captioned matter be DISMISSED WITH PREJUDICE.