LAURA MCNAMARA *vs.* MASSACHUSETTS PORT AUTHORITY.

No. 89-P-1012.

Suffolk. January 14, 1991. - June 19, 1991.

Present: DREBEN, KASS, & LAURENCE, JJ.

*Practice, Civil*, Summary judgment. *Negligence*, Bus, Employer.

In an action against the Massachusetts Port Authority by a plaintiff who alleged injury as the result of a malfunction of the bus she was operating while employed by a contractor that furnished bus service for the authority, summary judgment was properly entered for the authority where the materials before the judge did not demonstrate any duty that it owed the plaintiff with respect to maintenance of the bus [717-720], and where the plaintiff offered no evidence in support of her alternative theory that the authority had been negligent in its selection of a contractor [720].

CIVIL ACTION commenced in the Superior Court Department on November 28, 1984.

The case was heard by *Robert A. Mulligan*, J., on a motion for summary judgment.

*David M. Lipton* (*David Hayes Erickson* with him) for the plaintiff.

*John P. Mulvey* for the defendant.

LAURENCE, J. This appeal arises out of an accident that occurred while the plaintiff, Laura McNamara, was driving an employee shuttle bus at Logan International Airport, a facility controlled by the defendant Massachusetts Port Authority (Massport). McNamara was driving the bus as an employee of Suburban Airport Transit Corporation (Suburban), a bus service company with which Massport had contracted to operate the buses Massport employees used to travel from their designated parking areas to their Massport work locations.

McNamara's complaint alleged that she was injured be-
cause her bus's steering mechanism malfunctioned,[1] that
Massport had a duty to maintain the bus, and that Massport
failed in that duty. After extensive discovery, a Superior
Court judge allowed Massport's motion for summary
judgment.

The summary judgment materials established the follow-
ing undisputed facts: (1) Suburban's bus operation proposal
to Massport had provided that Suburban would be responsi-
ble for all bus maintenance and repair; (2) the agreements
between Massport and Suburban stated that Suburban was
to be an independent contractor; (3) the agreements placed
the obligations of bus maintenance and repair on Suburban;
(4) Suburban, not Massport, selected and owned the em-
ployee buses; (5) McNamara was employed by Suburban
and not Massport; and (6) at no time did Massport or any of
its employees undertake to operate, maintain or make repairs
on any of the employee buses, or supervise anyone at Subur-
ban regarding such activities. Furthermore, nothing in the
submitted materials revealed that Massport knew or should
have known of any problems or complaints concerning the
maintenance, repair or mechanical condition of any of the
employee buses, including the bus driven by McNamara,
prior to her accident.

Massport was properly entitled on that record to judgment
as a matter of law. Mass.R.Civ.P. 56(c), 365 Mass. 824
(1974). See *Yakubowicz v. Paramount Pictures Corp.*, 404
Mass. 624, 626 (1989). Even with all inferences from the
facts presented to the judge on the motion drawn in the light
most favorable to her and all doubts regarding material facts
resolved against Massport, *Attorney Gen. v. Bailey*, 386
Mass. 367, 371, cert. denied sub nom. *Bailey v. Bellotti*, 459
U.S. 970 (1982), McNamara failed to show that Massport
owed her any duty giving rise to tort liability. More specifi-
cally, the undisputed material facts did not demonstrate any

---

[1]Materials submitted by McNamara on the summary judgment motion
also alleged defects in the braking system.

duty owed her by Massport with respect to maintenance or repair of the employee shuttle bus she was driving.

McNamara argues that Massport should be held liable on the basis of Restatement (Second) of Torts § 414 (1965),[2] adopted as a principle of Massachusetts law in *Corsetti* v. *Stone Co.*, 396 Mass. 1, 10-11 (1985). The application of § 414 depends on whether Massport retained sufficient control[3] over Suburban's bus maintenance and repair work. McNamara's assertion that Massport had such control relies on Article V, Section D, of the Massport-Suburban agreement, which provided that:

> "Any vehicle and equipment of the service, which in the opinion of the Authority or its designee fails to meet the requirements herein, shall immediately upon the Authority's direction, be removed from the service and a substitute vehicle shall be immediately provided by the Authority. The vehicle and/or equipment removed shall not be returned to the service until the condition complained of and any other deficient condition has been corrected."

As the judge pointed out, however, this section did not impose a duty on Massport to maintain or repair Suburban's buses[4] and did not constitute a retention by Massport of con-

---

[2]Section 414 states: "One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

[3]Although control in cases involving § 414 is ordinarily a factual issue to be resolved by the jury, summary judgment is proper when, as here, the plaintiff fails to provide evidence creating a genuine issue for trial. See *Hood* v. *Hess Oil Virgin Islands Corp.*, 650 F. Supp. 678, 680 (D.V.I. 1986). Similarly, judicial reluctance to grant summary judgment in negligence actions should not preclude entering such judgment in appropriate cases. See, e.g., *Watson* v. *Salvoni*, 27 Mass. App. Ct. 735 (1989).

[4]Indeed, the very next paragraph of the agreement, Section E, stated that "Operator [Suburban] shall immediately and promptly repair any damage, perform the necessary maintenance and/or replace the necessary parts so as to return such vehicle to operation in the service as soon as possible." Article V also required Suburban to follow a preventative main-

trol over the manner in which any repair work by Suburban was to be done. Cf. *Agustynowicz* v. *Bradley*, 25 Mass. App. Ct. 405, 407-408 (1988). Instead, the provision merely gave Massport a right analogous to that of making suggestions or recommendations, ordering alterations or deviations in performance, or (most pertinently) rejecting unsatisfactory work and demanding correction. None of these reserved rights is sufficient to bring Massport within the Restatement rule, as explained by comment c to § 414:

> "In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way."

See *Foley* v. *Rust Intl.*, 901 F.2d 183, 185 (1st Cir. 1990) (under Massachusetts law and § 414, general right to stop unsatisfactory work not enough control to impose tort liability). See also *Boutwell* v. *Chevron U.S.A., Inc.*, 864 F.2d 406, 408-409 (5th Cir. 1989); *Sharkey* v. *Airco, Inc.*, 522 F. Supp. 646, 652 (E.D. Pa. 1981), aff'd, 688 F.2d 824 (3rd Cir. 1982); *Hood* v. *Hess Oil Virgin Islands Corp.*, 650 F. Supp. 680, 680-681 (D.V.I. 1986); *Buxton* v. *Amoco Oil Co.*, 676 F. Supp. 722, 728 (W.D. La. 1987); *Farren* v. *General Motors Corp.*, 708 F. Supp. 436, 446 (D. Mass. 1989). Cf. *Schlenk* v. *Northwestern Bell Tel. Co.*, 329 N.W.2d 605, 606-608 (N.D. 1983).

---

tenance program for the buses which could be adjusted to "conform to the highest standards in the industry."

McNamara's reliance on *Corsetti* v. *Stone Co.*, 396 Mass. 1 (1985), is mistaken. The contract in that case specified that the defendant employer, and not the independent contractor, was responsible for the initiation, maintenance, and supervision of job site safety, as well as compliance with all applicable safety regulations. *Id.* at 6. Liability resulted from the employer's failure to take adequate safety measures in the face of those obligations. *Id.* at 9-12. Compare *Foley* v. *Rust Intl.*, 901 F.2d at 185 (distinguishing *Corsetti* on the basis of that contractual provision).

McNamara makes an alternative argument, relying on § 411 of the Restatement,[5] that Massport failed to exercise reasonable care in the selection and employment of Suburban. It also fails. She presented no evidence to support this contention, as the judge properly concluded. See *Doyle* v. *LaCroix*, 336 Mass. 484, 487 (1957).[6]

*Judgment affirmed.*

---

[5]"An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor . . . to perform any duty which the employer owes to third persons." Restatement (Second) of Torts § 411 (1965). There appears to be no case law in Massachusetts interpreting § 411.

[6]McNamara submitted affidavits indicating that just before her accident, a woman fell to her death from a Massport passenger shuttle due to a defective door and that Suburban dismissed one of its passenger bus drivers because he refused to drive an unsafe bus. (Suburban operated Massport's passenger shuttle bus service at Logan Airport under a separate agreement executed earlier than the employee shuttle bus service agreement.) Whether or not these facts might indicate negligence on the part of Suburban, they failed to provide a tortious link to Massport with respect to the employee buses or to support the contention of negligent employment. A malfunctioning bus does not by itself raise any presumption of incompetence to maintain or repair buses, let alone of negligent hiring, see *Schlenk* v. *Northwestern Bell Tel. Co., Inc.*, 329 N.W.2d at 614; nor does the firing of an employee over a safety issue establish negligence, particularly when McNamara made no showing that Massport knew or should have known of the incident.