**JAMES CARTY, Appellant**

**v.**

**HESS OIL VIRGIN ISLANDS CORPORATION, Appellee**

D.C. Civ. App. No. 1996/037

District Court of the Virgin Islands

Division of St. Croix

November 22, 1999

LEE J. ROHN, ESQ., MAURICE CUSICK, ESQ., St. Croix, U.S.V.I., *for Appellant*

R. ERIC MOORE, ESQ., St. Croix, U.S.V.I., *for Appellee*

FINCH,[1] MOORE, SWAN, *Judges,* concurring

125

## OPINION OF THE COURT

James Carty ["Carty" or "appellant"] appeals the orders of the Territorial Court granting summary judgment in favor of Hess Oil Virgin Islands Corporation ["HOVIC' or "appellee"] and denying his motion for reconsideration. Because Carty's motion for reconsideration tolled the time for appealing the trial court's order dismissing his case, his appeal of the dismissal was timely. For the reasons stated herein, we reverse the trial court's grant of summary judgment and remand for further proceedings consistent with this opinion.

### I. FACTS AND PROCEDURAL HISTORY

This appeal arose out of an action for damages. Carty was an employee of Industrial Maintenance Corporation ["IMC"], an independent contractor employed by HOVIC, when he was injured on the job. Appellant alleges that his injuries occurred while removing an electrical breaker from a live panel. The complaint further alleges that when injured, Carty was working under the direct supervision of Jaime Ramos ["Ramos"], an employee of HOVIC. Appellant alleges that Ramos not only assigned appellant the task of removing the rusted breaker and participated in that undertaking, but also that Ramos had actual notice that appellant was without the proper tool to perform the job.

While Ramos admits that he instructed appellant to remove the panel, he rejects assertions that he also participated in the job and instructed appellant on how to perform the task. Additionally, Ramos claims that he was neither present nor gave any orders at the time of the accident. The parties disagree as to who had the responsibility of providing the proper tools.

■ HOVIC moved for summary judgment on June 25, 1995. Counsel for appellant, Michael Lee, Esq. ["Lee"] of Hodge & Sheen, P.C., did not respond to that motion. Subsequently, on September 14, 1995, HOVIC petitioned the court to deem the summary judgment motion conceded. Notice of this motion to

---

[1] The Honorable Raymond L. Finch became the Chief Judge of the District Court of the Virgin Islands on August 15, 1999.

deem conceded was directed to Lee and also went unanswered. Lee had left the law firm sometime in the same month of September. In a brief order dated November 6, 1995, the Territorial Court granted appellee's motion for summary judgment stating:

> This matter is before the Court on Defendant's Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure and supported by deposition and other documents as permitted by Rule 56(e). Plaintiff has failed to interpose any opposition to the Motion for Summary Judgment. This Court having reviewed Defendant's Motion for Summary Judgment and Memorandum of Law and having found that the facts and evidence before the Court support judgment in Defendant's favor as a matter of law, it is hereby
>
> ORDERED, ADJUDGED AND DECREED that the above captioned matter is DISMISSED WITH PREJUDICE.

(Joint Appendix ["J.A."] at 90) (emphasis in original).[2] Appellant's then counsel, Winston Hodge, Esq. ["Hodge"], whose protracted illness had resulted in his absence from his firm for an extended period of time, filed a Motion for Reconsideration on November 16, 1995. Appellee opposed the motion, and appellant's new counsel, Lee J. Rohn, Esq. ["Rohn"], on December 29, 1995, filed a Reply Regarding Motion for Reconsideration authored by Maurice Cusick, Esq. The trial court denied reconsideration on February 13, 1996, and Carty filed his timely notice of appeal on or about February 20, 1996.

---

[2] Even where a party does not respond to a summary judgment motion, judgment must be denied unless the movant meets its initial burden of showing the absence of material fact in dispute, under the standards set forth in the federal rules. FED. R. CIV. P. 56; *Ascencio v. Ramirez*, 36 B.R. 943, 20 V.I. 508, 512 (D.V.I. App. 1984).

While noting appellant's failure to respond to the summary judgment motion, the order granting summary judgment expressly states that a review of the merits was conducted before relief was granted. Thus, while there is merit in appellant's argument that summary judgment may not be entered solely on the basis of the adverse party's failure to respond, we need not reach that issue here.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has appellate jurisdiction to review the judgments and orders of the Territorial Court in all civil cases pursuant to V.I. CODE ANN. tit. 4, § 33 (1997 & Supp. 1998) and Section 23A of the Revised Organic Act of 1954.[3] The threshold question is whether this appeal of the Territorial Court's entry of summary judgment in favor of HOVIC and dismissal of the case was filed timely under the Federal Rules of Appellate Procedure.[4] The trial judge entered his order dismissing the case on November 6, 1995, and appellant's motion for reconsideration grounded on Federal Rules of Civil Procedure 59(e) and 60(b) was filed on November 16, 1995. Such a motion to correct or amend a judgment pursuant to Rule 59(e) is timely and extends the time for appealing the summary judgment order only if filed within ten days of entry of the order. *See* FED. R. APP. P. 4(a)(4)(C). While a motion for relief from a final order due to excusable neglect per Rule 60(b)(1) may be filed any time within a year of the order, it only tolls the time for noticing a civil appeal if filed within ten days of the order's entry. *See* FED. R. APP. P. 4(a)(4)(F).[5] Carty's motion for reconsideration was timely filed on the tenth day following entry of summary judgment, and extended the time for appealing that order granting summary judgment until the order deciding the motion to recon-

---

[3] The Revised Organic Act of 1954 is found at 48 U.S.C. § 1613a (1994), *reprinted* in V.I. CODE ANN., Organic Acts, 73-177 (codified as amended) (1995 & Supp. 1998) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

[4] Absent local law to the contrary, the Federal Rules of Civil Procedure, as well as the Federal Rules of Appellate Procedure, apply in the Territorial Court of the Virgin Islands. TERR. CT R. 7. Since this appeal was filed before the promulgation of the Virgin Islands Rules of Appellate Procedure on November 1, 1998, it is governed by the Federal Rules of Appellate Procedure. Rule 5 of the Virgin Islands Rules of Appellate Procedure is now the applicable rule, which provides that a motion to alter or amend a judgment under TERR. CT. R. 50, as well as a federal Rule 60 motion served within 10 days after entry of judgment extend the time for filing a notice of appeal. *See* V.I. R. APP. P. 5(a)(3)(iii) & (vi).

[5] "This eliminates the difficulty of determining whether a posttrial motion made within 10 days after the entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time." *See* FED. R. APP. P. 4(a)(4) advisory committee's note.

128

sider was entered on February 13, 1996.[6] Appellant had thirty days from that date to file his notice of appeal, and his appeal of the trial court's order granting summary judgment, filed on February 20, 1996, was well within that time. This Court, therefore, has jurisdiction to review that order dismissing Carty's case.[7]

The appellate standard of review for a trial court's grant of summary judgment is plenary. *Tree of Life Distributing Co. v. National Enterprises of St. Croix, Inc.*, 1998 U.S. Dist. LEXIS 17980, at *6, Civ. No. 1997-30 (D.V.I. App. Div. Nov. 5, 1998). On review "the appellate court is required to apply the same test that the lower court should have utilized." *Id.*

## B. Genuine Issues of Material Fact Preclude Summary Judgment
### Degree of Control by Employer Remains in Dispute

In determining whether summary judgment is proper, the salient factors to be considered are whether the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Having set forth the general standard which governed the trial court's consideration, we find that the trial judge erred in granting summary judgment because there remains a genuine issue of material fact regarding the duty owed to employees of an independent contractor.[8]

---

[6] Although the application *vel non* of the federal rules or the Virgin Islands Rules of Appellate Procedure makes no difference in the computation of time in this particular case, we note that the Virgin Islands Rules provide that when "the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." *See* V.I. R. APP. P. 16(b). The Federal Rules of Appellate Procedure, on the other hand, only excludes intermediate Saturdays, Sundays and legal holidays when "the period of time prescribed or allowed is less than 7 days." *See* FED. R. APP. P. 26(a).

[7] Because we reverse the court's grant of summary judgment, we need not decide whether the denial of appellant's motion to reconsider was proper.

[8] A negligence claim requires facts that tend to show some act or omission of the actor for which there was a legal duty to perform, and breach of that duty resulting in harm. RESTATEMENT (SECOND) OF TORTS §§ 284, 328A. There must be a clear nexus between the duty breached and the injury. *See id.* § 328A. Absent local law to the contrary, the Restatements are the rules of decision in the courts of the Virgin Islands. 1 V.I.C., § 4 (Equity 1995 & Supp. 1998).

Carty's Motion for Reconsideration filed by Hodge on November 16, 1995 and Reply Regarding Motion for Reconsideration filed by Rohn on December 29, 1995 were both filed after the trial judge granted summary judgment and dismissed the case. In fact, the trial judge's Order noted that Carty had failed to oppose HOVIC's Motion for Summary Judgment. As such, Carty's legal theories and arguments regarding the issue of HOVIC's control could not have been considered by the trial judge when he granted summary judgment on November 6, 1995. Moreover, the trial judge denied reconsideration by simply finding that Carty had "failed to show good cause, a meritorious defense, or excusable neglect." (J.A. at 222.)

■ The basis for imputing a duty to the employer where the claim involves an employee of an independent contractor is as follows:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

RESTATEMENT (SECOND) OF TORTS § 414.[9] Thus, the extent of control retained by the employer is the threshold inquiry for determining whether a cause of action in negligence could lie against HOVIC.[10]

The comments to section 414 instruct that retaining control "over the operative details" of doing any part of the work, or over "the manner in which the work was done," will give rise to liability. *See id.* § 414 cmts. a, c (1965); *see also Ibrahim v. V.I. Water and Power*

---

[9] While an employer of an independent contractor cannot be vicariously liable to an independent contractor's employees, direct liability for the employer's own negligence is not so barred. *See* RESTATEMENT (SECOND) OF TORTS §§ 409, 414; *Monk v. Virgin Islands Water and Power Authority*, 53 F.3d 1381 (3d Cir. 1995); *Ibrahim v. Virgin Islands Water and Power Authority*, 1996 WL 493172 (D.V.I. Jun. 28, 1996); *Olson v. Virgin Islands Telephone Corp.*, 1986 St. Thomas Supp. 204, slip op. at 3 (D.V.I. 1991); *Henry v. Hess Oil Virgin Island Corp.*, 1991 St. Croix Supp. 115, slip op. at 23 (D.V.I. 1991); *Hood v. Hess Oil Virgin Island Corp.*, 650 F. Supp. 678 (D.V.I. 1986).

[10] *See Henry v. HOVIC*, 1991 St. Croix Supp. 115, slip op. at 23-24 (D.V.I. 1991); *see also Hood v. HOVIC*, 650 F. Supp. 678, 680-81 (D.V.I. 1986) (holding that control is an "amorphous concept" which is usually fact dependent and for determination by a jury).

*Authority*, 1996 WL 493172, at *3 (D.V.I. Jun. 28, 1996). Comment c further notes, however, that "[t]here must be such a retention of a right of supervision that the (independent contractor) is not entirely free to do the work in his own way." The record in the case *sub judice* reveals conflicting claims regarding Ramos' role and whether his actions rose to the level of control that would subject HOVIC to liability.[11] *Compare O'Keefe v. Sprout-Bauer*, 970 F.2d 1244 (3d Cir. 1992) (holding that the trial court improperly entered summary judgment in defendant's favor, as genuine issues of material fact existed as to its primary liability for plaintiff's injury); *Quinones v. Township of Upper Moreland*, 293 F.2d 237, 241 (3d Cir. 1961) (holding that there was ample evidence to support the jury's finding that the Township had retained control in the performance of the contract, and was negligent in not having required the sub-contractor to shore the trench which collapsed and fatally wounded plaintiff); *Ibrahim*, 1996 WL 493172, at *5 (granting summary judgment on grounds that WAPA did not exercise a level of control over the work of its independent contractor sufficient to subject WAPA to liability under § 414); *Hood*, 650 F. Supp. at 681 (holding that to survive defendant HOVIC's summary judgment motion, plaintiff was required to produce evidence that HOVIC could order the employees of its independent contractor to perform work in a certain way, but plaintiff failed to meet his burden and, consequently, HOVIC was entitled to summary judgment on the issue of its liability under § 414).

■ While HOVIC refutes many of the facts proffered by Carty, such denials do not form an adequate basis for summary judgment. Here, the parties present wholly contradictory facts regarding the scope of Ramos' direction and involvement in appellant's work assignment — facts which go to the core of the negligence claim. Contradictory testimony on fundamental facts may not be

---

[11] These facts distinguish the instant case from *Monk*, which was based upon a "peculiar risk theory," and where it was undisputed that the employer-contractor had retained no control or direction over the work resulting in injury. *Monk v. Virgin Islands Water and Power Authority*, 53 F.3d 1381 (3d Cir. 1995). Moreover, there existed in *Monk* an unambiguous contract between the contractor and subcontractor which specifically assigned responsibility and control to the independent contractor, leaving no question to be resolved on that issue. *Id.*

resolved as a matter of law and presents a bar to summary judgment. *See* FED. R. CIV. P. 56 advisory committee's notes (1963 amend.). On a summary judgment motion, the movant has the initial burden of showing the absence of material fact in dispute, and the court must consider all evidence in the light most favorable to the non-moving party (thereby giving the non-movant the benefit of all reasonable inferences). *Adickes v. S.H. Kress*, 398 U.S. 144, 157, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970); *White v. Westinghouse*, 862 F.2d 56, 59 (3d Cir. 1988). The onus of showing the existence of fact does not shift to the non-movant until this initial burden is satisfied by a clear showing that there are no disputed material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Ascencio v. Ramirez*, 36 B.R. 943, 20 V.I. 508, 512 (D.V.I. App. 1984). Based upon the record before us, we are not persuaded that appellee has demonstrated such a clear absence of fact. Where, as in the instant matter, the truth is obscured, only a finder of fact can resolve competing accounts.

### Carty's Inability to Review Maintenance Contract

■ Appellant alleges that HOVIC refused, during discovery, to turn over its maintenance contract which could clarify what duty is owed to employees of the independent contractor. Assuming this to be the case, the grant of summary judgment must be vacated to give the non-movant appellant the opportunity to discover information essential to his opposition. FED R. CIV. P. 56(f). Accordingly, we find another basis upon which summary judgment should not lie.

### III. CONCLUSION

The extent to which appellees retained control over the work of appellant is an essential issue which forms the basis for this negligence action. In the face of contradictory testimony and lingering questions of fact which, if proven true, could support the presence of control within the meaning of § 414, we cannot accept the trial judge's conclusion that there remain no genuine issues of material fact. Moreover, appellee has presented no clear set of facts that would resolve this issue as a matter of law. For the foregoing reasons, we reverse the order granting summary judgment in favor

132

of the appellee, and remand for proceedings consistent with this opinion.

## ORDER OF THE COURT

AND NOW this 22 day of November, 1999, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying opinion of even date, it is hereby

ORDERED that the Territorial Court order granting summary judgment in favor of appellee is REVERSED; and it is finally

ORDERED that this matter be REMANDED for proceedings consistent herewith.

SWAN, *Judge*, concurring

Having concurred with the majority, I turn now to a matter which I find disturbing and which should not go unnoticed. Specifically, I refer to the comments of Maurice Cusick, Esq. ["Mr. Cusick"], counsel for appellant. In his brief, Mr. Cusick made disparaging remarks about the trial judge.[12] This is the third case in which Mr. Cusick has made similar remarks about the same Territorial Court Judge. Counsel, as an advocate, has an absolute right to disagree with the trial judge's decision. However, it is a different matter when counsel openly questions the competence of the Judge and the Judge's knowledge of the law. Being mindful of the adversarial nature of lawsuits, it is not uncommon for a prevailing party to agree with the Court's ruling and for the losing party to disagree and thereupon pursue any available remedy, including perfecting an appeal of the Judge's decision.

I will not condone such highly inappropriate, unprofessional and disrespectful conduct towards the court from any member of the bar. Mr. Cusick is advised to refrain from attacking the competence of members of the judiciary and to maintain an acceptable level of professionalism in his briefs and filings with the courts. Any sarcastic, caustic or demeaning tenor in the language in a party's brief or filings which is directed towards a judge is an affront to the judiciary and to the professional standards to which

---

[12] *See, e.g.,* Brief for Appellant at 14, 16.

the legal community is bound. Such disparaging comments have no place in a party's filings and serve no useful purpose in advancing the arguments of counsel's clients. Even more disconcerting is that counsel has established a pattern of such conduct in filings with the Court, which has persisted despite repeated warnings.[13] Mr. Cusick is cautioned, once again, that such disparaging reference to members of the court, poorly disguised as client advocacy, must cease.

---

[13] *See Griffith v. Hess Oil Virgin Islands Corp.*, 38 V.I. 460, 5 F. Supp. 2d 336, 340-41 (D.V.I. 1998) (admonishing counsel on his "ad hominem attacks on opposing counsel"); *Torres v. Gov't of the Virgin Islands*, No. 1995-77, slip op. at 6 n.8 (D.V.I. App. Div. Aug. 9, 1996) (cautioning Mr. Cusick that "incivility and disregard to judicial officers" will not be tolerated); *Saldana v. Banco Popular de Puerto Rico*, No. 1996-001 (D.V.I. May 31, 1996) (finding that Mr. Cusick's attacks on the trial judge and opposing counsel "border on being impertinent and scandalous").