**IN RE: CATALYST LITIGATION**
**JOHN BULLY, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**
**ALEXANDER EMILE, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**
**JULIEN McSWEEN, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**
**RICHARD MAXWELL, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**

Master Docket No. SX-05-CV-799, Individual Docket Nos. SX-05-CV-812, SX-05-CV-806, SX-05-CV-847, SX-05-CV-846

Superior Court of the Virgin Islands

Division of St. Croix

July 2, 2010

THOMAS ALKON, ESQ., Law Offices of Thomas Alkon, Christainsted, USVI, *Attorney for Plaintiffs*.

GORDON C. RHEA, ESQ., JERRY HUDSON EVANS, ESQ., Richardson, Patrick, Westbrook & Brickman, LLC, Mt. Pleasant, SC, *Attorneys for Plaintiffs*.

BRITAIN H. BRYANT, ESQ., Bryan, Barnes, Beckstedt & Blair, LLP, Christiansted, USVI, *Attorney for Defendant Hess Corporation*.

JAMES CRAWFORD ORR, ESQ., CAROLYN O'CONNOR ESQ., Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, NJ, *Attorney for Defendant Hess Oil Virgin Islands Corp*.

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(July 2, 2010)

**THIS MATTER** came before the Court on Defendant Hess Oil Virgin Islands Corp.'s (hereinafter "HOVIC") Motion *In Limine* to Bar Certain Warnings From Catalyst Manufacturers, filed on October 23, 2009. On November 9, 2009, Plaintiffs filed a Response in Opposition to Defendant HOVIC's Motion *In Limine* to Exclude Evidence. On November 24, 2009, Defendants filed a Joint Reply to Plaintiffs' Oppositions to Defendant HOVIC's Motion *In Limine* to Exclude Evidence.

## FACTS

Plaintiffs filed this action against Defendant HOVIC and Defendant Hess Corporation,[1] alleging that they developed mixed dust pneumoconiosis as a result of occupational exposure to catalyst at Defendant HOVIC's refinery on St. Croix, U.S. Virgin Islands. Plaintiffs allege that Defendants possessed and/or exercised control over the work site and assert claims for negligence/premises liability and supplying chattel dangerous for intended use.

## DISCUSSIONS

Defendant HOVIC moves *in limine* for an order excluding reference to or evidence, testimony, or argument concerning any health hazard warnings published by any catalyst manufacturer or distributor that was

---

[1] Plaintiffs also filed this action against other defendants but Plaintiffs have reached a settlement with these defendants out of court.

not proven to have been provided to Defendant HOVIC or provided to Defendant HOVIC during Plaintiffs' alleged years of exposure at Defendant HOVIC's refinery. In its Motion *In Limine*, Defendant HOVIC provided a list of Material Safety Data Sheet (hereinafter "MSDS") and product brochures that it will concede as admissible and reserves its right to object at trial to any other product warning or information that Plaintiffs may introduce at trial.

## Whether Additional Safety Information is Relevant and/or Unduly Prejudicial

Defendant HOVIC asserts that any safety information not identified in its Motion *In Limine* should be inadmissible for the purpose of Plaintiffs' burden to prove Defendant HOVIC's knowledge with regard to the inhalation hazards associated with catalyst during Plaintiffs' alleged year of exposure. Defendant HOVIC argues that any information it did not receive or received after Plaintiffs' alleged years of exposure is irrelevant in this regard. Moreover, Defendant HOVIC also argues that by allowing Plaintiffs to introduce safety information that it never received, or received after Plaintiffs' alleged years of exposure, Defendant HOVIC will be unduly prejudiced because the jury may be misled into believing that Defendant HOVIC was in fact aware of the information it never received or received during an irrelevant time period. Therefore, pursuant to FED. R. EVID. 402[2] and 403[3]. Defendant HOVIC request the Court to bar Plaintiffs from introducing any safety information that Defendant HOVIC did not list in its Motion *In Limine*.

### 1. Relevance - Restatement (Second) of Torts § 343 and § 388

██ Plaintiffs assert that safety information Defendant HOVIC did not receive or received after Plaintiffs' alleged years of exposure is relevant because as a premises owner and as a supplier of "dangerous chattel," Defendant HOVIC owed Plaintiffs a duty of care in regards

---

[2] FED. R. EVID. 402. "Evidence which is not relevant is not admissible."

[3] FED. R. EVID. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

harms that Defendant HOVIC should have known.[4] Plaintiffs cite to Restatement (Second) of Torts (1965) (hereinafter "Restatement") § 343[5] and § 388[6] to support their assertion that evidence regarding health hazard warnings is relevant to whether Defendant HOVIC "[knew] or by the exercise of reasonable care would discover" the dangerous nature of the catalyst. Plaintiffs reason that evidence of what a catalyst manufacturer warned about on labels and/or MSDS, even if it was not within Defendant HOVIC's possession, would assist the jury in determining whether Defendant HOVIC failed to exercise reasonable care to discover the dangerous nature of catalyst and whether Defendant HOVIC had reason to know the dangerous nature of catalyst. Plaintiffs also point out that RESTATEMENT § 388 was amended from its initial draft in the First Restatement to reflect the American Law Institute's intent to not limit the inquiry to information within the defendant's possession. Of specific relevance here, the drafters substituted "(a) *knows or has reason to know* that the chattel is or is likely to be dangerous for the use for which it is supplied" for "(a) *knows, or front facts known to him should realize*, that the chattel is or is likely to be dangerous for the use for which it is

---

[4] The Court wants to clarify that, although Plaintiffs use the "should have known" standard in its Opposition, neither RESTATEMENT § 343 or § 388 uses the "should have known" standard. RESTATEMENT § 343 states, "knows or by the exercise of reasonable care. . ." and RESTATEMENT § 388 states, "knows or has reason to know."

[5] **REST 2d TORTS § 343**. Dangerous Conditions Known To Or Discoverable By Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

    (a)    knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invites, and

    (b)    should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

    (c)    fails to exercise reasonable care to protect them against the danger.

[6] **REST 2d TORTS § 388**. Chattel Known To Be Dangerous For Intended Use.

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

    (a)    knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

    (b)    has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

    (c)    fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

supplied." Therefore, Plaintiffs contend that the Court should not exclude additional safety information at trial.[7]

### a. Applicable Standard under Restatement § 343

In its Joint Reply to Plaintiffs' Opposition, Defendant HOVIC rejects Plaintiffs' interpretation that RESTATEMENT § 343 implies that additional safety information is relevant in regard to Defendant HOVIC's knowledge regardless of whether Defendant HOVIC was in possession of that information. Defendant HOVIC points out that the "should know" language is not contained in RESTATEMENT § 343 and the comments suggest that the term "would discover" relates to the landowners' obligation to inspect the premises for any latent defects. RESTATEMENT § 343, cmt. b (1965). Additionally, Defendant HOVIC asserts that case law applies the business invitee doctrine in situation like this, where Plaintiffs were employed by independent contractors that Defendant HOVIC retained to maintain and repair the processing units involving catalyst at its Refinery. Defendant HOVIC points out that the business invitee doctrine requires the plaintiff to prove that the landowner possessed superior knowledge to the plaintiff's employers of the dangerous conditions in order to support a claim under RESTATEMENT § 343.[8] Defendant HOVIC notes that it is undisputed here that Plaintiffs' employers had equal, if not superior, knowledge of the hazards of catalyst. According to various depositions, Plaintiffs' employers were highly

---

[7] Plaintiffs also cite to *Dunn v. HOVIC*, where the Third Circuit reviewed the appropriateness of the admission of a published report on asbestos despite the fact that the defendant never received the report. 1992 U.S. App. LEXIS 25457 (1992). The Third Circuit found that the defendants should have known of the report if it had taken reasonable steps to obtain knowledge of the product's dangerous nature. *Id.* As Defendants indicated in their Reply to Plaintiffs' Opposition, the "should have known" standard was used in *Dunn*, which is not the standard here. Therefore, *Dunn* is distinguishable from this case.

[8] *See Hood v. HOVIC*, 650 F.Supp. 678, 682, 22 V.I. 456 (D.V.I. 1986) (ruling that RESTATEMENT § 343 does not apply "to situations where the independent contractor and the landowner are equally knowledgeable of the dangerous conditions. . ."); *PSI Energy, Inc.* v. *Roberts*, 829 N.E.2d 943 (Ind. 2005) (ruling that, to sustain a claim under RESTATEMENT § 343, plaintiff must prove that the landowner possessed superior knowledge to the plaintiff's employer of the dangers associated with the product at issue because under the business invitee rule "a landowner ordinarily has no liability to an independent contractor or the contractor's employee for injuries sustained while addressing a condition as to which the landowner has no superior knowledge"). The Court does not find these cases to purport what Defendant HOVIC claims.

experienced and knowledgeable at the maintenance and repair of the processing units at issue and are aware of the hazards associated with catalyst. Therefore, Defendant HOVIC argues that, in accordance with RESTATEMENT § 343, the Court should exclude any additional safety information at trial.

### b. Applicable Standard under Restatement § 388

██ In its Joint Reply to Plaintiffs' Opposition, Defendant HOVIC similarly points out that the "should have known" standard does not apply under RESTATEMENT § 388 either; but assuming *arguendo* that it applies, Defendant HOVIC asserts that additional safety information should still be excluded from trial because Plaintiffs cannot show that the additional safety information relates to the catalyst that they allegedly handled and was published before the alleged handling. Moreover, Defendant HOVIC rebuts Plaintiffs' interpretation of the amendment to RESTATEMENT § 388, arguing that the change reflects the drafters' intent to limit the inquiry of the defendant's knowledge to information it "had" in its possession. RESTATEMENT § 12 defines "reason to know"[9] and "should know,"[10] and comment *a* clarifies that, "Both the expression 'reason to know' and 'should know' are used with respect to existent facts. These two phrases, however, differ in that 'reason to know' implies *no duty of knowledge* on the part of the actor whereas 'should know' implies that the actor owes another the duty of ascertaining the fact in question." (emphasis added). Accordingly, Defendant HOVIC argues that, in applying the "reason to know" standard, the Court should exclude any additional safety information at trial.

### 2. Prejudicial

Plaintiffs also disagree with Defendant HOVIC's assertion that additional safety information from catalyst manufacturers is unduly

---

[9] (1) The words "reason to know" are used throughout the Restatement of this Subject to denote the fact that the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists.

[10] (2) The words "should know" are used throughout the Restatement of this Subject to denote the fact that a person of reasonable prudence and intelligence or of the superior intelligence of the actor would ascertain the fact in question in the performance of his duty to another, or would govern his conduct upon the assumption that such fact exists.

prejudicial against Defendant HOVIC. Plaintiffs claim that if Defendant HOVIC had acted reasonably, it would have discovered the information and properly relayed the dangers of the catalysts to Plaintiffs. Accordingly, Plaintiffs argue that, in order for the jury to determine whether Defendant HOVIC knew or should have known[11] of all the risks associated with catalyst, the jury should be permitted to consider all available information and not just the ones Defendant HOVIC listed in its Motion *In Limine*. Therefore, Plaintiffs claim that additional information is relevant evidence and its probative value substantially outweighs any potential unfair prejudice against Defendants.

In its Joint Reply to Plaintiffs' Opposition, Defendant HOVIC maintains that additional safety information is unduly prejudicial because Plaintiffs have failed to identify any catalyst that they allegedly handled and/or the date(s) of alleged handling; thus, by including such additional information, the jury would be misled into believing that Defendant HOVIC knew certain information or had reason to know certain information that they did not possess, and may not exist, at the requisite time. Defendant HOVIC argues that, without the critical information on the product Plaintiffs allegedly handled and the date(s) of the alleged handling, there is no way of knowing whether additional safety information has probative value on the issue of Defendant HOVIC's knowledge. Therefore, Defendant HOVIC requests the Court to exclude any additional safety information at trial.

The Court is cognizant that, pursuant to the Federal Rules of Evidence, all relevant evidence is admissible except, *inter alia*, if its probative value is substantially outweighed by the danger of unfair prejudice.[12] Accordingly, the Court will first determine whether additional safety information is relevant, and if the answer is in the affirmative, the Court

---

[11] Again, the Court wants to clarify that, although Plaintiffs use the "should have known" standard in its Opposition, neither RESTATEMENT § 343 or § 388 uses the "should have known" standard.

[12] FED. R. EVID. 402 provides, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

FED. R. EVID. 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

27

will then determine whether that information is unduly prejudicial to Defendant HOVIC.

██ Under RESTATEMENT § 343, the Reporter's Note to Clause (a) of states that "The plaintiff invitee has the burden of proving that the defendant possessor either knew or had reason to know of the condition, or that by the exercise of reasonable care he would have discovered it" Similarly, RESTATEMENT § 388 applies the same "reason to know" standard. RESTATEMENT § 12 defines "reason to know" to denote the fact that the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists. Therefore, the jury should be able to consider additional safety information in considering whether Defendant HOVIC had reason to know about the dangers associated with catalyst. The additional safety information is relevant because it makes the fact that Defendant HOVIC failed its duty of care to Plaintiffs more probable or less probable.[13]

Next, the Court will consider whether additional safety information is prejudicial to Defendants, and if it is, whether its probative value is substantially outweighed by the danger of unfair prejudice. The Court agrees with Plaintiffs that the jury should be permitted to consider information in addition to the safety information Defendant HOVIC listed in its Motion *In Limine* to determine whether Defendant HOVIC had reason to know of the dangers associated with catalyst or that by the exercise of reasonable care it would have discovered it. However, the Court finds it unduly prejudicial to Defendant HOVIC if the jury is allowed to consider safety information of catalyst after Plaintiffs' employment at Defendant HOVIC's refinery. Therefore, the Court will exclude additional safety information of catalyst that became available after Plaintiffs' employment at Defendant HOVIC's refinery because the danger of unfair prejudice against Defendant HOVIC outweighs the potential probative value. However, the Court will permit additional safety information of catalyst that was available before and during Plaintiffs' employment at Defendant HOVIC's refinery.

---

[13] FED. R. EVID. 403 provides, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Therefore, at this juncture, although relevant, the Court will exclude references to additional safety information at trial because the danger of unfair prejudice against Defendant HOVIC outweighs the potential probative value.

## CONCLUSION

The Court finds that although additional safety information of catalyst is relevant, the Court finds some to be unduly prejudicial against Defendant HOVIC. Accordingly, the Court will deny in part and grant in part Defendant HOVIC's Motion *In Limine* to Bar Certain Warnings From Catalyst Manufacturers.